(C.R.D. 78–1)

PISTORINO & CO., INC. *v.* UNITED STATES

Court No. 68/45733

(Dated May 10, 1978)

*Glad, Tuttle & White (Stephen S. Spraitzar* of counsel), the moving attorneys.
*Barbara Allen Babcock,* Assistant Attorney General *(Saul Davis,* trial attorney), for the defendant.

LANDIS, Judge: Attorneys, Glad, Tuttle & White of San Francisco, have filed a motion to have the Court papers (without entries, invoices, or laboratory reports) in the above-entitled action, which was decided September 21, 1972 and reported in *Pistorino & Co., Inc.* v. *United States,* 69 Cust. Ct. 93, C.D. 4378, forwarded to the District Director of Customs at San Francisco, for review, to which the Government has filed a response deferring the granting of said motion to the discretion of the Court. The plaintiff in the above-entitled action, represented by other counsel, has not responded to this motion.

The question here presented is whether the moving attorneys (Glad, Tuttle & White of San Francisco, California) who did not appear in the captioned case, and who do not profess to represent either of the parties in said captioned case, may obtain an Order of this Court forwarding the Court papers (other than entries, invoices, or laboratory reports) to the District Director of Customs at San Francisco, California for review, after which they shall be returned to the Clerk of this Court.

Rule 14.3(b)(1) provides:

Except where restricted by law * * *, any person may have access to the relevant papers in an action other than entries,

225

invoices and laboratory reports, which shall be available only to the attorney of record or a party to the action.

The United States Customs Court is an Article III Court of nation-wide jurisdiction in customs matters and while its headquarters is officially in New York City, trials may be held throughout the United States [and hearings in some cases abroad] where the reception of evidence is necessary and appropriate. 28 U.S.C. §§ 251, 256; R. Sturm, *A Manual of Customs Law*, p. 12.

As stated by the Court of Customs and Patent Appeals in *United States* v. *Fairfield Gloves et al.*, 64 CCPA 126, C.A.D. 1194, 558 F. 2d 1023 (1977):

> * * * Far from unduly circumscribing litigants' rights, * * * [a rule of the Customs Court] recognizes the national jurisdiction of the Customs Court and attempts to place litigants far from the court's New York City headquarters on an equal footing with those nearby in the commencement of actions in the court.

It is manifest from legal authority, and this Court's rules and national jurisdiction that litigants and attorneys somewhat distant from New York City should not be penalized or prejudiced thereby but should be placed on an equal footing with those located nearby.

The observation of the defendant (Government) that Rule 14.5 provides for the payment of the fee by "the person at whose request photostatic copying of documents is performed" is not inconsistent with the relief here sought.

As Rule 14.3(b)(1) of this Court is explicit that "any person may have access to the relevant papers in an action other than entries, invoices and laboratory reports, which shall be available only to the attorney of record or a party to the action", the motion to have the Court papers (without entries, invoices, or laboratory reports), record, and exhibits in the instant case forwarded to the District Director of Customs at San Francisco, California for review, is sustained and it is further ordered that when said Court papers have served their purpose that they shall be returned to the Clerk of this Court forthwith. An order will be entered accordingly.