The UNITED STATES, Appellant,

v.

FAIRFIELD GLOVES, Unitrex of America, Inc., Circle Import-Export Company, Kwan Yuen Co., Inc., California Gardenware Distr., Appellees.

Customs Appeal No. 77–6.

United States Court of Customs and Patent Appeals.

July 21, 1977.

---

6. *Midland Coops., Inc. v. Midland Int'l Corp.,* 421 F.2d 754, 57 CCPA 932, 164 USPQ 579 (1970).

Barbara Allen Babcock, Asst. Atty. Gen., Washington, D.C., David M. Cohen, Chief, Customs Section, Edmund F. Schmidt, New York City, for the United States.

Robert Glenn White, Los Angeles, Cal. (Glad, Tuttle & White, Los Angeles, Cal., attorneys of record), for appellees.

Walter E. Doherty, Jr., Boston, Mass., E. Thomas Honey, James Caffentzis, New York City, attorneys of record, for amicus curiae.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

MILLER, Judge.

This is an appeal from an order of the United States Customs Court in *Fairfield Gloves et al. v. United States,* 77 Cust.Ct. ——, C.R.D. 76–10 (1976), upholding the validity of Rule 3.2(b) of the Customs Court [1] and ordering that the date of filing shown on summonses in five actions be corrected to show filing as of the date of their postmark. Noting that a controlling question of law was involved, the court also granted an interlocutory order for the Government to apply for an appeal to this court pursuant to 28 U.S.C. § 1541(b). The Government's petition for leave to appeal was granted by this court on November 30, 1976, and a notice of appeal and assignment of errors was filed on December 9, 1976. We affirm.

The facts in this case are uncontested. The summonses were mailed from Los Angeles, California, by certified mail in accordance with Rule 3.2(b) on January 28, 1976, one hundred eighty days after denial of the protest.

Sections 2631(a) and 2632(a) of 28 U.S.C. provide:

§ 2631. *Time for commencement of action.*

(a) An action over which the court has jurisdiction under section 1582(a) of this title is barred unless commenced within one hundred and eighty days after:

(1) the date of mailing of notice of denial, in whole or in part, of a protest pursuant to the provisions of section 515(a) of the Tariff Act of 1930, as amended; or

(2) the date of denial of a protest by operation of law pursuant to the provisions of section 515(b) of the Tariff Act of 1930, as amended.

. . . . .

§ 2632. *Customs Court procedure and fees.*

1. Rule 3.2 Commencement of Action

. . . . .

(b) Summons: Filing by Mail; Date of Filing. For purposes of commencement of an action, a summons sent by registered or certified mail properly addressed to the clerk of the court at

(a) A party may contest (1) denial of a protest under section 515 of the Tariff Act of 1930, as amended; (2) a decision of the Secretary of the Treasury made under section 516 of the Tariff Act of 1930, as amended; (3) . . . by bringing a civil action in the Customs Court. A civil action shall be commenced by filing a summons in the form, manner, and style and with the content prescribed in rules adopted by the court.

The Government contends that Rule 3.2(b), permitting an action to be commenced by mailing a summons, rather than by receipt by the court, within the statutory period, impermissibly attempts to expand the jurisdiction of the Customs Court and is, therefore, invalid. It urges that 28 U.S.C. § 2631 is a statute waiving sovereign immunity and is to be strictly construed, that there is a body of case law construing the term "filing" to mean actual receipt by a court, that the legislative history of the Customs Courts Act of 1970, Pub.L. No. 91–271, 84 Stat. 274 (1970) (codified in scattered sections of 28 U.S.C.), shows a Congressional intent that the date of filing of a summons means the date of receipt by the court, and that other statutes show that when Congress intended that "filing" mean "mailing" it explicitly so provided. Appellees and amicus [2] urge that Congress delegated to the Customs Court the authority to provide by rule the "manner" in which an action may be "filed," and hence "commenced," and that Rule 3.2(b) is a valid exercise of that authority.

## OPINION

 We recognize the general rule that statutes waiving sovereign immunity, and thereby defining jurisdiction, are to be strictly construed. *United States v. Boe,* 543 F.2d 151, 64 CCPA ——, C.A.D. 1177

One Federal Plaza, New York, New York 10007, with the proper postage affixed and return receipt requested, shall be deemed filed as of the date of postmark.

2. A brief amicus curiae was filed by the Association of the Customs Bar.

(1976).[3] However, it is "the terms of [the sovereign's] consent to be sued in any court" which "define that court's jurisdiction." *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941). Congressional adoption of broad statutory language authorizing suit is not to be thwarted by an unduly restrictive interpretation. *Canadian Aviator, Ltd. v. United States,* 324 U.S. 215, 222, 65 S.Ct. 639, 89 L.Ed. 901 (1945); see also *Nahrgang v. United States,* 51 CCPA 76, C.A.D. 840 (1964).

■ The Government's arguments would be much more persuasive if section 2631(a) read:

> An action . . . is barred unless a summons is filed with the Customs Court within one hundred and eighty days.

Congress, however, used the term "commenced," which is broader than "filing."[4] Also, Congress provided that an action is "commenced by filing a summons in the . . . *manner* . . . prescribed in rules adopted by the court." (Emphasis ours.) 28 U.S.C. § 2632(a). In *United States v. Thompson-Starrett Co.,* 12 Ct. Cust.Appls. 28, T.D. 39896 (1923), this court's predecessor decided the question of whether timely mailing could be considered timely "filing" in the negative, based on the statutory provision which then governed appeals to the court. Section 515 of the Tariff Act of 1922, 42 Stat. 970, provided for appeals to the Court of Customs Appeals "within the time and in the manner provided by law." The "manner" provided by law was "filing in the office of the clerk of said court a concise statement of errors

of law and fact complained of." Tariff Act of 1909, ch. 6, § 29, 36 Stat. 105, 107. However, in 26 U.S.C. § 7502, timely mailing of documents to the Tax Court is treated as timely "filing" of such documents.

Under 18 U.S.C. § 3772, the Supreme Court has been delegated authority to "prescribe the times for and manner of taking appeals and applying for writs of certiorari" in criminal cases. The Court, pursuant to this grant of authority, promulgated its own Rule 22, which, among other things, fixes the time for filing a petition for writ of certiorari and provides that timely mailing is deemed timely filing in the case of petitions from judgments of district courts outside the continental United States.

■ That Congress has not delegated authority to the Customs Court to prescribe the time for the commencement of an action does not detract from the clear wording of the statute (28 U.S.C. § 2632(a)) indicating that Congress *has* delegated authority to prescribe the "manner" of filing summonses in rules adopted by the court.

■ Within the rule-making authority of the Customs Court, this court has advanced only one limitation, namely: that substantial rights of litigants not be unduly circumscribed. *S. Stern & Co. v. United States,* 51 CCPA 15, C.A.D. 830, 331 F.2d 310 (1963), *cert. denied,* 377 U.S. 909, 84 S.Ct. 1169, 12 L.Ed.2d 179 (1964). Far from unduly circumscribing litigants' rights, Rule 3.2(b) recognizes the national jurisdiction of the Customs Court and attempts to place litigants far from the court's New York City headquarters on an equal footing with

---

**3.** We also recognize the rule that statutes giving the right of appeal are to be liberally construed in furtherance of justice. *Wilmington Shipping Co. v. United States,* 52 CCPA 76, 79, C.A.D. 861 (1965). Although the Customs Courts Act of 1970 changed the procedure for obtaining judicial review in the Customs Court, 28 U.S.C. §§ 1582 and 2631 can still be viewed as statutes giving the right of appeal. Prior to that Act, denials of protests were *automatically* transmitted to the Customs Court, a complete waiver of sovereign immunity from suit. Tariff Act of 1930, ch. 497, § 515, 46 Stat. 734. It is clear from the legislative history of the Customs Courts Act that this change in the method

of appeal from denials of protests was merely to remove cases, which the importer had no intention or desire to litigate, from the Customs Court's crowded docket. Such change was not designed to prejudice the appeal rights of importers who desired judicial review. S.Rep. No. 91–576, 91st Cong., 1st Sess. 7–10 (1969).

**4.** Civil actions may be "commenced" in courts by means other than "filing" or filing with the court. See, *e. g.,* Iowa R.Civ.P. 48 (civil action commenced by serving the defendant with an original notice).

those nearby in the commencement of actions in the court.

■ We are not persuaded by the cases cited by the Government for the proposition that "mailing" does not constitute "filing." In all of those cases the relevant statute or rule specified that filing was to be at a definite place within a specified time, and none of the statutes included a delegation of the type of authority found in 28 U.S.C. 2632(a).[5] Nor are we persuaded by what the Government terms "the relevant legislative history" of the Customs Courts Act. Statements made in briefs or in testimony presented at committee hearings cannot be considered as a guide to what Congress intended, since Congress has not delegated to organizations or individuals appearing before its committees the authority to construe a statute. See R. Sturm, *A Manual of Customs Law* 189 (1974), and cases cited therein.

■ In view of the foregoing, we hold that Rule 3.2(b) of the Customs Court is a reasonable and valid exercise of authority delegated to the court by Congress.

The order of the Customs Court is *affirmed.*

---

5. Thus, the statute (section 6 of the White Slave Traffic Act, ch. 395, 36 Stat. 825, 826 (1910)) in *United States v. Lombardo,* 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897 (1916), required that a statement be filed "with the Commissioner General of Immigration." Section 2601(b) of 28 U.S.C., the statute involved in *Seneca Grape Juice Corp. v. United States,* 61 CCPA 118, 492 F.2d 1235 (1974), required "filing in the office of the clerk of the Court of Customs and Patent Appeals." The Customs Court rule involved in *Minkap of California, Inc. v. United States,* 55 CCPA 1, C.A.D. 926 (1967) required motions for rehearing to be "filed with the clerk of the court at New York."