EDDIETRON, INC., Plaintiff,

v.

UNITED STATES, Defendant.

C.D. 4853;  Court No. 79-2-00306.

United States Customs Court.

April 16, 1980.

W. Warren Sparrow, Winston Salem, N.C., for plaintiff.

Alice Daniel, Asst. Atty. Gen., Washington, D.C., David M. Cohen, Director, Customs Litigation Branch, New York City (Velta A. Melnbrencis, Asst. Director, New York City, on briefs), for defendant.

RE, Chief Judge:

Plaintiff, an importer of golf carts from Poland, sues to recover certain dumping duties assessed on seven protested entries covered by this action. Defendant, alleging lack of jurisdiction, moves to dismiss the action upon the grounds that it was not timely commenced, and that the liquidated duties were not paid at the time it was filed.

Essentially, the following three questions are presented by defendant's motion to dismiss:

1. Is an action timely commenced when the summons is mailed within, but not received until after, the one hundred and eighty days prescribed in 28 U.S.C. § 2631(a)(1), and the postmark evidencing the date of mailing appears on a receipt for certified mail?

2. Does delivery and receipt of a promissory note constitute the payment of duties, required as a jurisdictional prerequisite under 28 U.S.C. § 1582(c)(2), at the time an action is filed?

3. May a partial payment of the total amount owed on a promissory note delivered in payment of duties owed on six entries, be applied, for jurisdictional purposes, as payment on the first of those entries?

It is the determination of the court that this action has been timely filed. The court has also determined that, although the delivery and receipt of the promissory note does not constitute payment of duties on

the six entries, the partial payment may be applied as payment in full of the duties owed on the first of those entries.

### Timeliness

■ The seven protests were denied on August 16, 1978. Within 180 days thereafter, the summons instituting this action was sent on February 12, 1979, by certified mail return receipt requested, to the clerk of the court. The summons was received in the office of the clerk, and marked filed, on February 15, 1979, after the 180-day period.

In connection with defendant's motion to dismiss for untimeliness, plaintiff moves to have the record corrected to show that the summons was filed on the date it was mailed, i. e., February 12, 1979. In support of its motion, plaintiff submits a certified mail receipt bearing a postmark date of February 12, 1979. The envelope in which the summons was mailed and received in the office of the clerk bears no postmark.

Rule 3.2 of the rules of this court provides in material part:

"(b) Summons: Filing by Mail; Date of Filing: For purposes of commencement of an action, *a summons sent by registered or certified mail* properly addressed to the clerk of the court at One Federal Plaza, New York, New York 10007, with the proper postage affixed and return receipt requested, *shall be deemed filed as of the date of postmark.*

. . . . .

(e) Summons: Date of Filing; Motion to Correct:

(1) The records of the clerk, including the date of filing stamped on the summons, or when sent by registered or certified mail the date of postmark, shall be final and conclusive evidence of the date on which a summons was filed unless a motion to correct the record is made and granted pursuant to subparagraph (2) of this paragraph (e).

(2) A party who contends that the effective filing date of a summons should be a date other than the date shown in the records of the clerk may seek a cor-rective order by motion made pursuant to Rule 4.12, and the court may, upon satisfactory proof that the records of the clerk with respect to the filing date were incorrect, order the record corrected." (Emphasis added.)

In *United States v. Fairfield Gloves et al.*, 558 F.2d 1023, 64 CCPA 126, C.A.D. 1194 (1977), the Court of Customs and Patent Appeals upheld the validity of Rule 3.2(b) which permits an action to be "commenced" by the mailing of a summons to the court, rather than exclusively by the receipt of the summons in court, within the statutory period prescribed by 28 U.S.C. § 2631(a), which provides:

"§ 2631. Time for commencement of action.

(a) An action over which the court has jurisdiction under section 1582(a) of this title is barred unless commenced within one hundred and eighty days after:

(1) the date of mailing of notice of denial, in whole or in part, of a protest pursuant to the provisions of section 515(a) of the Tariff Act of 1930, as amended; or

(2) the date of denial of a protest by operation of law pursuant to the provisions of section 515(b) of the Tariff Act of 1930, as amended."

■ Of course, when an action is commenced by mailing a summons in the manner prescribed by Rule 3.2(b), the operative fact is the date of *mailing*. For the purpose of commencing an action, a summons is deemed filed as of the date of mailing, rather than the date of receipt, if the specified method of mailing is utilized, and plaintiff shows by satisfactory proof that the conditions of mailing imposed by the rule have been satisfied. See *Texas Mex Brick & Import Co. v. United States,* 371 F.Supp. 579, 72 Cust.Ct. 291, C.R.D. 74–2 (1974); *Modern Clothing, Inc. v. United States,* 73 Cust.Ct. 233, C.R.D. 74–10 (1974).

■ As this court held in the *Fairfield Gloves* case, 77 Cust.Ct. 166, C.R.D. 76–10 (1976), *aff'd, United States v. Fairfield Gloves, supra,* a date-stamped receipt for certified mail is, as in this case, satisfactory

proof of compliance within the requirements of Rule 3.2(b). See also *Richardson v. Brown*, 443 F.2d 926, 928 (10th Cir. 1971). Hence, since the summons in this action was deemed to have been filed on February 12, 1979, within the period prescribed by 28 U.S.C. § 2631(a)(1), it has been timely filed.

### Payment by Promissory Note

The facts pertaining to the payment of duties also are not in dispute. This action challenges the denial of seven protests (numbers 1401–7–000135 through and including 1401–7–000141). The duties owed on the entry covered by protest number 1401–7–000141 were timely and fully paid. As to the duties owed on the entries covered by the six remaining protests, plaintiff, on or about October 3, 1978, executed and delivered a promissory note in the amount of the duties owed. The appropriate customs official "accepted" the note and marked as "cancelled" the invoices for the remaining entries.

■ The issue here is whether the delivery and acceptance of the promissory note satisfies the jurisdictional prerequisite of payment of all liquidated duties required by 28 U.S.C. § 1582(c)(2). In material part, this section provides that this court shall not have jurisdiction of an action unless "all liquidated duties, charges or exactions *have been paid* at the time the action is filed." (Emphasis added.)

Section 1582(c)(2) does not prescribe, nor does it indicate, the acceptable *method* of payment of duties. Prior to the Customs Courts Act of 1970, this provision was not included in title 28. A similar provision, however, was included in section 1515 of title 19 which provided that when a protest is filed against a collector's decision he shall ". . . in the case of merchandise entered for consumption, if all duties and charges *shall be paid*, then the collector shall forthwith transmit the entry . . . to the United States Customs Court . . ." (Emphasis added.)

This statutory requirement for the payment of duties was transferred, in the Customs Courts Act of 1970, from 19 U.S.C. § 1515 to 28 U.S.C. § 1582. Although there is a difference in the language used, that is, from "shall be paid" to "have been paid," the statutory prerequisite of payment is the same. Furthermore, there is nothing in the legislative history of the Customs Courts Act of 1970 to suggest that a different meaning was intended.

Other provisions of title 19 may be examined to determine the acceptable method of payment.

The statutory method for paying duties upon imports is prescribed in 19 U.S.C. §§ 197 and 198. The general requirement is set out in section 197, which provides, in pertinent part:

"Except as provided in section 198 of this title all duties upon imports shall be collected in ready money, and shall be paid in gold and silver coin, coin certificates, and such other certificates or Treasury notes as may by law be declared receivable in payment thereof."

Section 198, which contains the exception to this method of payment, permits a "provisional payment" of duties to be made by certified check. This exception, however, specifically provides that payment by certified check does not satisfy the "obligation to make ultimate payment" until the certified check has been "duly paid."

Specifically, section 198 states that:
"No person, however, who may be indebted to the United States on account of duties on imports who shall have tendered a certified check or checks as *provisional payment* for such duties or taxes, in accordance with the terms of this section, shall be released from the obligation to make ultimate payment thereof *until such certified check so received has been duly paid* . . . ." (Emphasis added.)

Regulations promulgated by the Secretary of the Treasury authorize other methods for paying duties. See 19 C.F.R. § 24.1(a) and (b). It is significant, however, that neither the statutes nor the regulations authorize the payment of duties by a promissory note which, of course, is merely a written *promise* to pay. See *Don E. Wil-*

*liams Co. v. Commissioner of Internal Revenue,* 429 U.S. 569, 582–583, 97 S.Ct. 850, 858, 51 L.Ed.2d 48 (1977).

■ Even if a promissory note were an appropriate mode of payment, the mere "tender and acceptance" of a promissory note does not mean that the duties *"have been paid"* within the meaning of 28 U.S.C. § 1582(c)(2). By analogy to 19 U.S.C. § 198, which permits a certified check to be tendered as "provisional payment," the statutory scheme would suggest that a promissory note, at best, could only be considered as a "provisional payment." A "provisional payment" would not satisfy the requirement to make "ultimate payment" until it has been paid in full, and the funds have been received by the United States. Accordingly, since the United States did not receive funds sufficient fully to discharge plaintiff's liability at the time this action was filed, plaintiff had not made the payment of "all liquidated duties" as mandated by 28 U.S.C. § 1582(c)(2) as a prerequisite to this court's jurisdiction.

Plaintiff contends that the defendant should be estopped from denying that the promissory note served as payment for all six entries since the defendant accepted the note, and, in the normal course of business, accepts payment for duties in forms other than "ready money." Judge Miller, however, writing for the Court of Customs and Patent Appeals, has recently noted that "equitable estoppel, even if available in cases involving the Government in its proprietary capacity, is not available against the Government in cases involving the collection or refund of duties on imports." *Air-Sea Brokers, Inc. v. United States,* 596 F.2d 1008, 1011, 66 CCPA —, C.A.D. 1222 (1979).

It is the determination of the court that, for jurisdictional purposes, the promissory note does not constitute payment of the duties owed on the six entries covered by protest numbers 1401–7–000135 through and including 1401–7–000140.

*Duties on Protest Number 1401–7–000141*

As stated previously, liquidated duties pertaining to protest number 1401–7–000141, covering entry number 115364, were fully paid. Consequently, as to that denied protest, this action may be maintained. See *United States v. Novelty Imports, Inc.,* 476 F.2d 1385, 60 CCPA 131, C.A.D. 1096 (1973).

*Application of Partial Payment*

■ In addition to paying the duties owed on protest number 1401–7–000141, plaintiff also paid, before this action was commenced, $7,652.81 on account of the promissory note which was tendered for the amount due on the six remaining denied protests. This is sufficient to discharge the amount of duties owed on one of the six protests, *viz.*, on the first protest, number 1401–7–000135. To assure its right to sue in this court, plaintiff seeks to have this amount applied to, and, for jurisdictional purposes, treated as the payment of the duties owed on the first of those six protests, i. e., number 1401–7–000135.

As in nearly all questions neither expressly nor clearly covered by the governing statute, plaintiff's request requires a balancing or weighing of competing considerations. On the one hand, plaintiff, who attempted in good faith to satisfy the the statutory prerequisite of payment of duties by tendering a promissory note, seeks judicial review of alleged wrongful government action. This tender was "accepted" by the appropriate customs official who "cancelled" the invoice for the duties owed.

On the other hand, as a prerequisite to jurisdiction, the statute requires that the duties owed on the protested entry, which is the subject of an action, "have been paid" at the time the action was filed.

In order to decide plaintiff's requested application the court must ascertain the legislative intent for requiring the payment of duties, and, whether that intent would be violated by granting the requested relief.

Appropriate guidance may be found in the salutary observation of Judge Rich, who, writing for a unanimous court in *Nov-*

*elty Imports, Inc., supra*, stated that "statutes should not be given a 'wooden and even perverse construction.'" In *Novelty Imports*, as in the case at bar, the pertinent statute was 28 U.S.C. § 1582(c)(2). Surely, citation of authority is not required for the proposition that the statute must be read in proper context so as to effectuate the legislative purpose.

In *Champion Coated Paper Co. v. United States*, 24 CCPA 83, 88, T.D. 48411 (1936), the question presented before the Court of Customs and Patent Appeals was whether it was "a condition precedent to appellant's right of recovery that it pay to the collector the sum demanded as a result of his reliquidation of the drawback entries." If payment was a condition precedent, since appellant had not paid, the protest had been properly dismissed by the Customs Court. In order to determine that question, the appellate court examined the statutes pertaining to consumption entries, which, as here, required the payment of duties as a precondition to the right of protest. The Court of Customs and Patent Appeals affirmed the decision of the Customs Court, and held that payment of duties was a precondition to the protest.

The reasoning of the court indicates that it reached its decision because, without payment of the duties demanded, the appellant had not been "actionably damaged." 24 CCPA at 89. That plaintiff had to be "damaged" or "injured" may be noted from the following quotation of the appellate court from the opinion of the Customs Court:

"The statute contemplates that the importer must have some substantial matter about which he may file a protest. If his merchandise is in bond at the time of liquidation and he is called upon to pay additional duties over those deposited, he must pay them before he can procure delivery. If they have been delivered under bond, then in order to put the Government in a position where it can be protected as well as to show that the importer has been put at a financial disadvantage, he must pay the amount of the duties, etc." 24 CCPA at 88.

The appellate court also quoted the following significant sentence from the decision of the Customs Court:

"The importer is here in a case wherein he has not, so far as we can see, been in any manner injured, nor has any property been taken from him, nor have any of his rights been invaded such as would give him any standing in this court." *Ibid.*

The rationale of the *Champion Coated Paper* opinions indicates that the application of the $7,652.81 for jurisdictional purposes, as payment of duties on the entry covered by protest number 1401–7–000135, would not be inconsistent with the payment requirement under 28 U.S.C. § 1582(c)(2). The $7,652.81 payment not only serves "to put the Government in a position where it can be protected," but also establishes "that the importer has been put at a financial disadvantage" and has been "actionably damaged."

At the time the $7,652.81 payment was made, the parties may have treated it as partial payment on the total amount due on the invoices for all six entries. Nevertheless, for jurisdictional purposes in this action, there is no valid reason why that payment cannot be applied to satisfy in full the amount owed on the first of the six entries. Since, as to denied protest number 1401–7–000135, "all liquidated duties . . . have been paid," the jurisdictional requirement of the statute has been fulfilled.

In summary, it is the determination of the court that the summons in this action is deemed filed as of the date of the certified mail receipt postmark, February 12, 1979, which is within the period prescribed by 28 U.S.C. § 2631(a)(1).

As to the seven denied protests included within that summons, the court determines further that, for purposes of 28 U.S.C. § 1582(c)(2), the liquidated duties on the entries covered by protest numbers 1401–7–000141 and 1401–7–000135 have been paid. Hence, as to these protests, they are to be severed, and the action continued.

As to the entries covered by the five remaining protests included in the summons, i. e., protest numbers 1401–7–000136 through and including 1401–7–000140, since the liquidated duties on these protests have not been paid, the defendant's motion to dismiss is granted.