**DYNASTY FOOTWEAR, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 81-3-00272.**

United States Court of International Trade.

Nov. 9, 1982.

Mandel & Grunfeld, New York City (Steven P. Florsheim, New York City, on the memorandum), for plaintiff.

J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, New York City, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch (Jerry P. Wiskin, New York City, on the memoranda), for defendant.

RE, Chief Judge.

In this action contesting the appraised value of shoes imported from Taiwan, defendant moves for an order to sever and dismiss that portion of the action which relates to entry # 233148, protest # 2704-9–001540. Defendant alleges that duties on entry # 233148 were not paid as of March 11, 1981 when this action was commenced. Consequently, defendant argues that the court lacks jurisdiction over entry # 233148. *See* 28 U.S.C. § 2637(a).

Since monies sufficient to pay the duties owing on entry # 233148 were in the possession of the defendant on or before March 11, 1981, defendant's motion is denied.

During 1979, seventeen entries made by plaintiff, including entry # 233148, were under review by way of either protest or request for reliquidation. On August 13, 1979, pursuant to negotiations between plaintiff's attorney and customs officials, Customs agreed temporarily to suspend its efforts to collect the additional duties assessed upon liquidation of the seventeen entries, provided plaintiff would take "whatever action is necessary to assist in the expeditious reliquidation of the entries." According to Customs, one of the reasons for the suspension was that its collection efforts were having a "drastic effect upon the financial stability" of plaintiff. Subsequently, fifteen of the seventeen disputed entries were resolved in favor of plaintiff.

One of the two entries not resolved in favor of plaintiff was entry # 233148, upon which plaintiff was found to owe $19,983.60 in additional duties. The protest covering that entry was denied on September 12, 1980. Therefore, the time to commence an action in this court to review the denial of plaintiff's protest on entry # 233148 would have expired on March 11, 1981, the date on which plaintiff commenced this action by filing a summons.

Among the fifteen entries resolved in favor of plaintiff was entry # 249903, protest # 2704-9–004101, which was approved on October 31, 1980. The refund due plaintiff as a result of the approval of this protest was $24,588, an amount which exceeded the amount owed to Customs by plaintiff on entry # 233148. However, for no apparent or proffered reason, entry # 249903 was not reliquidated by Customs until May 27, 1981.

By letter dated June 3, 1981, Customs advised plaintiff that it was collecting the duties owed on entry # 233148, as well as those owed on the only other entry not resolved in favor of plaintiff, by offsetting the amount due on those two entries against the refund due on entry # 249903. Customs further advised plaintiff, by letter dated June 8, 1981, that, set off having been made in accordance with the agreement of August 13, 1979, plaintiff would be receiving a net refund since the refund on entry # 249903 was for an amount greater than the amount owing on the two outstanding entries.

The basis of the present motion to dismiss is plaintiff's alleged failure to comply with 28 U.S.C. § 2637(a), which states:

A civil action contesting the denial of a protest under section 515 of the Tariff Act of 1930 may be commenced in the Court of International Trade only if all liquidated duties, charges, or exactions have been paid at the time the action is commenced . . . .

Defendant maintains that duties on entry # 233148 were not paid when plaintiff commenced this action on March 11, 1981, even though Customs, for several months prior to March 11th, had in its possession funds owing to plaintiff which were sufficient to pay the duties on entry # 233148. According to defendant, duties on entry # 233148 were not paid until June 3, 1981, when Customs notified plaintiff that the duties owing on entry # 233148 had been set off against the refund due on entry # 249903. It is defendant's view that, if plaintiff had wished the set off to take place prior to the filing of the summons in this action, plaintiff was under an obligation to inform Customs' Financial Management Division of that desire; absent such a request, Customs was free to make the set off whenever it chose.

Plaintiff, in opposition to defendant's motion to dismiss, points to section 24.72 of the Customs Regulations, 19 C.F.R. § 24.72 (1981), which provides:

When an importer of record or other party has a judgment or other claim allowed by legal authority against the United States, and he is indebted to the United States, either as principal or surety, for an amount which is legally fixed and undisputed, the district director shall set off so much of the judgment or other claim as will equal the amount of the debt due the Government.

Plaintiff contends that if circumstances warrant the making of a set off, section 24.72 requires that Customs make the set off as soon as the respective claims cease to be disputed. In this case, that date was October 31, 1980, the date on which plaintiff's protest covering entry # 249903 was approved. Plaintiff asks the court to hold that the set off did, in fact, take place on October 31, 1980.

As the facts of this case indicate, the additional duties on entry # 233148, when they were paid, were not paid by plaintiff, but rather by the defendant by means of set off against the refund on entry # 249903. Since the protest covering entry # 249903 was approved on October 31, 1980, it is apparent that reliquidation of that entry, and set off against entry # 233148, could have been made at any time after October 31, 1980. If reliquidation of entry # 249903 had occurred prior to March 11, 1981, payment by set off of the duties owing on entry # 233148 would certainly have been made before the filing of the summons in this action.

Although Customs Regulation 24.72 clearly imposes upon Customs a duty to make set off in appropriate circumstances, that section does not specify *when* set off is to be made. The absence of a specific reference to time in this regulation requires the court to determine from the circumstances of the case when the set off reasonably could and should have been made.

In *Eddietron, Inc. v. United States,* 84 Cust.Ct. 158, C.D. 4853, 493 F.Supp. 585

(1980), this court was asked to hold that a partial payment on a promissory note, tendered for the amount of duties owed on six protests, be treated, for the jurisdictional purposes of 28 U.S.C. § 1582(c)(2), the predecessor provision to 28 U.S.C. § 2637(a), as payment in full of the liquidated duties owed on the first protest. Observing that the request was not expressly covered by statute or regulation, the court stated:

As in nearly all questions neither expressly nor clearly covered by the governing statute, plaintiff's request requires a balancing or weighing of competing considerations.

84 Cust.Ct. at 163, 493 F.Supp. 585. The court granted the request, stating that there was "no valid reason why the payment [could] not be applied to satisfy in full the amount owed on the first of the six entries." Since the liquidated duties were thereby considered paid, the court held that "the jurisdictional requirement of the statute [had] been fulfilled." 84 Cust.Ct. at 164, 493 F.Supp. 585.

In the present case, plaintiff, to preserve its rights as to entry # 233148, had to commence this action on or before March 11, 1981, without regard to the reliquidation of entry # 249903. By commencing this action on March 11, 1981, it may reasonably be assumed that plaintiff had relied upon and anticipated the reliquidation and set off taking place prior to that date. In any event, plaintiff knew that the protest on entry # 249903 had been approved on October 31, 1980, and that, long before March 11, 1981, monies sufficient to pay the duties on entry # 233148 were in defendant's possession.

Although section 24.72 of the Customs Regulations may be intended primarily to assist Customs in the collection of duties owed, an importer should not be deprived of the beneficial effect of that section when proper. Moreover, from defendant's admission that the set off was in accordance with the 1979 agreement, it may reasonably be inferred that in order to facilitate payment and avoid otherwise unnecessary defaults,

the possibility of "set off" was contemplated by the parties to the agreement. Requiring plaintiff to make a cash payment of the duties owing on entry # 233148 before March 11, 1981, under these circumstances, would have been an unnecessary and unreasonable hardship.

It is pertinent in the resolution of this case that, along with fifteen other entries, the claims on both entries # 233148 and # 249903 had been considered together by Customs under the August 13, 1979 "agreement." Hence, it was not unreasonable for plaintiff to expect that, from the credit in its favor as to entry # 249903, defendant could, and would, set off the amount due on entry # 233148. In fact, defendant has admitted that the set off was made "in accordance" with the August 13, 1979 "agreement." Since the parties were aware of plaintiff's financial difficulties, it was also reasonable to expect that a set off would be made as expeditiously as possible, rather than for payment on entry # 233148 to come directly from plaintiff, only to have that amount returned shortly thereafter as a refund on entry # 249903.

The undisputed facts of this case establish that reliquidation of entry # 249903 and set off against entry # 233148 could have occurred at any time after October 31, 1980. Thus, an amount sufficient to pay duties on entry # 233148 was in defendant's possession long before March 11, 1981.

Defendant has failed to offer any explanation why the reliquidation of entry # 249903 and the set off could not have occurred before March 11, 1981. In fact, defendant's concern for the "expeditious reliquidation of the entries," as explicitly stated in its letter of August 13, 1979, is inconsistent with the unexplained delay on its part to effect the reliquidation of entry # 249903 sooner than May 27, 1981. From the facts of record, the court concludes that the set off may as readily have been made before March 11, 1981 as after, and that there is "no valid reason" why the set off may not be considered as having been made between October 31, 1980 and March 11, 1981.

In view of the plenary equity power possessed by the court, it is appropriate to refer to the applicable maxims and animating principles of equity designed to do justice in the particular case. *See* 28 U.S.C. § 1585 (Supp. IV 1980). Equity regards as done that which ought to be done. *See* Re, *Cases and Materials on Remedies* 38–41 (1982). In *State v. Chambers,* 353 S.W.2d 835, 839 (Mo.App.1962), the court stated:

A long established and sound legal principle is that where mere ministerial acts are concerned *a court under proper circumstances may look upon that as done which should have been done.* This is particularly true where the public interest is directly concerned. [Emphasis added.]

*See also Montana Power Co. v. Federal Power Commission,* 330 F.2d 781, 788 (9th Cir.1964). This maxim may be said to find legal application under section 24.72 of the Customs Regulations since Customs could and should have performed the ministerial act of set off before March 11, 1981. Failure to give effect to the maxim in the present case would render meaningless the mandatory directive under section 24.72, and deprive plaintiff of its day in court because of the dilatory action of the defendant.

This holding is not inconsistent with the underlying purpose of section 2637(a) which requires all duties to be paid before an action is commenced. By the Customs Courts Act of 1970, Congress decided that "[t]he importer should not be entitled to retain the use of additional duties determined to be due while court proceedings continue over possibly lengthy periods of time." *See Hearings on S. 2624 Before Subcommittee No. 3 of the Committee on the Judiciary, House of Representatives,* 91st Cong.2d Sess. 229 (1970). Hence, the requirement that, during court proceedings, the government be in actual possession of the amount claimed by plaintiff to have been unlawfully exacted. In this case, there is no doubt that the monies due the defendant were in its actual possession on March 11, 1981, as well as during the entire course of these legal proceedings.

On the facts presented, it is the determination of the court that:

1) section 24.72 of the Customs Regulations requires an appropriate set off to be made;

2) when set off is to be made under the governing regulation must be determined on a case-by-case basis;

3) the set off in this case should have been made when it reasonably could have been made; and

4) the set off is deemed to have occurred on or before March 11, 1981, the date this action was commenced.

In view of the foregoing, the jurisdictional requirement of 28 U.S.C. § 2637(a) has been fulfilled.

Defendant's motion to sever and dismiss is therefore DENIED.