**NATURE'S FARM PRODUCTS, INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

No. 84–05–00605.

United States Court of International Trade.

Oct. 22, 1986.

———

Mosher, Pooley, Sullivan & Hultquist (Alan B. Kalin), Palo Alto, Cal., for plaintiff.

Richard K. Willard, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty. in Charge, International Trade Field Office, Commercial Litigation Branch, U.S. Dept. of Justice (Saul Davis), New York City, for defendant.

*Opinion*

AQUILINO, Judge:

A civil action contesting the denial of a protest under section 515 of the Tariff Act of 1930 may be commenced in this Court of International Trade "only if all liquidated duties, charges, or exactions have been paid at the time the action is commenced". 28 U.S.C. § 2637(a).

Pursuant to CIT Rule 5(g), this action was deemed commenced on April 23, 1984, the date on which a summons was sent by certified mail to the Clerk of the Court contesting Customs Service denial on October 26, 1983 of a protest by the above-named importer. Thus, in accordance with 28 U.S.C. § 2636(a), the 180th or last day to commence this action was April 23, 1984, at which time counsel claims to have caused a check in the requisite amount in dispute to be mailed to Customs.

Receipt of the money after the deadline has engendered a motion by the defendant to dismiss this action on the ground of failure to comply with 28 U.S.C. § 2637(a). That is:

> ... [M]ailing a check for the duties does not qualify the duties as "having been paid" under § 2637(a) .... Rather for a plaintiff to have fulfilled the mandatory statutory conditions precedent to suit, Customs must have *received* payment of the duties *prior* to commencement of this action.[1]

In the face of the statute's clear mandate [2], the plaintiff seeks to rely on *Champion Coated Paper Co. v. United States,* 24 CCPA 83, T.D. 48411 (1936), and *Dynasty Footwear v. United States,* 4 CIT 196, 551 F.Supp. 1138 (1982). Neither case, however, aids the plaintiff. In *Champion Coated Paper,* the court held that, in order to protest reliquidation of drawback entries under the Tariff Act of 1922, an importer must have repaid the refunded duties. In its opinion, the court explained that part of the rationale for this condition precedent is

that an importer be "actionably damaged". 24 CCPA at 89. The decision does not suggest that late payment of duties satisfies this requirement.

*Dynasty Footwear* also does not modify the requirement of timely payment of duties owed. In that case, the court found that monies sufficient to pay those duties were already in the possession of Customs prior to commencement of the action as a result of a protest as to another entry. *See* 4 CIT at 197, 551 F.Supp. at 1139. The amount owed to the importer on that entry exceeded the duties it had to pay to start the action, and the court concluded that set-off pursuant to 19 C.F.R. § 24.72 should have been made when it reasonably could have been made, which was deemed prior to the date of commencement. *See* 4 CIT at 201, 551 F.Supp. at 1142.

The plaintiff urges this court "to do justice where it need be done"[3] by denying defendant's motion. However, this court is not persuaded that it has discretion in the matter. For example, in *United States v. Lockheed Petroleum Services, Ltd.,* 709 F.2d 1472 (Fed.Cir.1983), the court held that the importer was not entitled to an award of drawback duties because it had failed to timely file an abstract of manufacture with the district director, as mandated by regulation. The abstract had been mailed, but failed to arrive on time, whereupon the court pointed out that the importer

> could have filed the abstract in a timely fashion in any number of ways to ensure compliance with the regulation, utilizing such well-known means as a telecopier, a messenger, or an overnight courier service. If it wished to use the U.S. Postal Service, it could have resorted to express mail, special delivery, or registered mail. It chose instead to rely solely on the ordinary post. 709 F.2d at 1475.

**1.** Defendant's Response to Plaintiff's Opposition to Defendant's Motion to Dismiss, p. 3 (emphasis in original).

**2.** *See Bulova Watch Co., Inc. v. United States,* 9 CIT 67 (1985).

**3.** Plaintiff's Memorandum, p. 8.

The importer was found to have been negligent in allowing only five days for the abstract to be mailed from Louisiana to New York and then back to Louisiana.

Here, of course, the plaintiff did not allow any time for the check to be delivered before the deadline. In *Lockheed*, the court stated that "[e]quitable powers, even if available, should not be invoked to excuse the performance of a condition by a party that has not acted with reasonable due care and diligence." 709 F.2d at 1475. Recently, the Federal Circuit has reiterated that the

> terms and conditions upon which the United States has waived its sovereign immunity in consenting to be sued in the Court of International Trade ... must be strictly observed and are not subject to implied exceptions.... If a litigant fails to comply with the terms upon which the United States has consented to be sued, the court has no "jurisdiction to entertain the suit." [4]

The plaintiff argues that "it is generally true that the date of mailing is determinative in connection with the commencement of an action." Plaintiff's Memorandum, p. 5, n. 2. CIT Rule 5(g) is referred to in an attempt to show that the question at bar is governed by its provision that:

> Service or filing of any pleading or other paper by delivery or by mailing is completed when received, except that a pleading or other paper mailed by registered or certified mail properly addressed to the party to be served, or to the clerk of the court, with the proper postage affixed and return receipt requested, shall be deemed served or filed as of the date of mailing.

This rule, however, applies to the filing of papers with the court, not to payment of duties owed to Customs.[5]

This national court provides for the needs of out-of-town parties and their counsel. *Cf. Modern Clothing, Inc. v. United States*, 73 Cust.Ct. 233, C.R.D. 74–10 (1974); *Texas Mex Brick & Import Co. v. United States*, 72 Cust.Ct. 291, C.R.D. 74–2, 371 F.Supp. 579 (1974). But the plaintiff herein was not prejudiced by the geography involved since its check was mailed on the 180th or last day and could not have arrived in a timely manner regardless of locality. Plaintiff's situation is thus in sharp contrast to that of the plaintiff in *Charlson Realty Company v. United States*, 181 Ct.Cl. 262, 384 F.2d 434 (1967), which had allowed "substantially more than sufficient time"[6] to mail its petition for a refund of income taxes to the Court of Claims for filing. Moreover, it was not argued in *Charlson* that the mailing date should be held to be synonymous with the filing date. *See* 384 F.2d at 447 (Jones J., concurring).

The plaintiff takes the position that the rationale for the "Mailbox Rule", which is "known to all law students"[7], should be applied here. According to *Adams v. Lindsell*, 106 Eng.Rep. 250 (K.B. 1818), an acceptance of an offer by mail is effectuated upon the mailing of the acceptance. But, as Professor Corbin points out:

> ... For almost all purposes, other than the acceptance of an offer, the mere mailing of a letter is not enough to attain the purpose. Unless it is clearly otherwise agreed, the mailing of a letter is not a sufficient notice to quit a tenancy, it is not actual payment of money that is inclosed, it does not transfer title to a check or other document; it will not ordinarily be sufficient notice required by a

---

4. *Georgetown Steel Corporation v. United States*, 801 F.2d, 1308 (Fed.Cir., 1986) (citations omitted).

5. Furthermore, the rule specifies the mode of mailing. While the record shows receipt herein of plaintiff's summons by certified mail, it also indicates that the check in question was placed in the regular mail by counsel's secretary, and the court notes in passing that an action can be dismissed for failure to affix proper postage. *See, e.g., NEC Corporation v. United States*, 9 CIT 557, 622 F.Supp. 1086 (1985), *reh'g denied*, 10 CIT —, 628 F.Supp. 976 (1986).

6. 384 F.2d at 447 (Jones J., concurring).

7. Plaintiff's Memorandum, p. 5.

contract as a condition precedent to some contractual duty of immediate performance. 1 Corbin, Contracts § 80 (1963 ed.) (footnotes omitted).

This analysis has support in case law. For example, in *Sizemore v. E.T. Barwick Industries, Inc.*, 225 Tenn. 226, 465 S.W.2d 873 (1971), the court held that a suit for workmen's compensation was timely commenced as it had been filed within one year of actual receipt of the last voluntary payment made by the insurance carrier. The trial judge's view that the suit was barred by the statute of limitations, as it had been instituted more than a year from the date of mailing, was rejected. In *Stream v. C.B.K. Agronomics, Inc.*, 79 Misc.2d 607, 361 N.Y.S.2d 110 (Sup.Ct. N.Y.Co.1974), *modified on other grounds*, 48 A.D.2d 637, 368 N.Y.S.2d 20 (1st Dep't 1975), the failure of a debtor's monthly installment payment to arrive on time in the mail was ground for immediate loan repayment under an acceleration clause of a promissory note.

Finally, counsel's attempt to equate plaintiff's position with that of a federal taxpayer is also unpersuasive in view of 26 U.S.C. § 7502, which specifically provides that timely mailing of taxes is treated as timely payment thereof. The absence of a similar provision governing payment of duties owed to Customs compels the court to enter judgment, granting defendant's motion to dismiss this action.