NATURE'S FARM PRODUCTS, INC., Appellant,

v.

The UNITED STATES, Appellee.

Appeal No. 87–1114.

United States Court of Appeals, Federal Circuit.

June 2, 1987.

Alan B. Kalin, of Mosher, Pooley, Sullivan & Hultquist, Palo Alto, Cal., submitted for appellant. Of counsel was Bruce Prescott, of Mosher, Pooley, Sullivan & Hultquist, Palo Alto, Cal.

Saul Davis, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., submitted for appellee. With him on the brief were Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, and Joseph I. Liebman, Attorney-in-Charge, International Trade Field Office.

Before MARKEY, Chief Judge, SKELTON, Senior Circuit Judge, and SMITH, Circuit Judge.

MARKEY, Chief Judge.

Appeal from a decision of the United States Court of International Trade, 648 F.Supp. 6 (1986), dismissing for lack of jurisdiction the complaint of Nature's Farm Products, Inc. (Nature's Farm). We affirm.

BACKGROUND

On September 22, 1983, Nature's Farm filed with the United States Customs Service a protest under section 515 of the Tariff Act of 1930, contesting the amount of duties assessed on canned mushrooms entering the United States from the People's Republic of China. The Customs Service denied the protest on October 26, 1983. Under 28 U.S.C. § 2636(a), Nature's Farm had 180 days from that date to commence a civil action contesting that denial in the Court of International Trade. Nature's Farm did so on April 23, 1984, the 180th day. In an affidavit later submitted to that court, counsel for Nature's Farm stated that he caused a check for the disputed amount to be mailed to the Customs Service on the same day. The Customs Service received the money on an undetermined date after April 23, 1984.

The United States moved to dismiss for lack of jurisdiction, on the ground that Nature's Farm had not complied with 28 U.S.C. § 2637(a), which requires:

A civil action contesting the denial of a protest under section 515 of the Tariff Act of 1930 may be commenced in the Court of International Trade only if all liquidated duties, charges, or exactions

*have been paid at the time the action is commenced....*

(Emphasis added.)

After briefing and oral argument, the Court of International Trade agreed that Nature's Farm had not complied with the statute, its payment of duties being untimely. That court granted the government's motion to dismiss on October 22, 1986. 648 F.Supp. at 9.

## ISSUE

Whether the Court of International Trade erred in dismissing Nature's Farm's complaint.

## OPINION

The legislative history of 28 U.S.C. § 2637(a) sheds light on the meaning of the phrase "have been paid at the time the action is commenced":

Subsection (a) provides that *prior to* the institution of a suit contesting the denial of a protest under section 515 of the Tariff Act of 1930, all liquidated duties, charges or exactions must have been paid. This restates existing law as found in 28 U.S.C. § 1582(c).

H.R.Rep. No. 1235, 96th Cong., 2d Sess. 57, *reprinted in* 1980 U.S.Code Cong. & Admin.News 3729, 3769 (emphasis added).

It is undisputed that Nature's Farm did not mail its check "prior to" instituting its suit. Thus, as the legislative history makes clear, Nature's Farm did not comply with the jurisdictional requirement of 28 U.S.C. § 2637(a). *See American Air Parcel Forwarding v. United States*, 718 F.2d 1546, 1550 (Fed.Cir.1983); *cf. Champion Coated Paper Co. v. United States*, 24 C.C.P.A. 83, 90 (1936) (Section 514 of the Tariff Act of 1922 "contemplate[d] in cases of this character that the money shall be in the hands of the Government at the time the protest is filed."); *Eddietron, Inc. v. United States*, 493 F.Supp. 585, 589 (Cust. Ct.1980) ("[S]ince the United States did not receive funds sufficient fully to discharge plaintiff's liability at the time this action was filed, plaintiff had not made the payment of 'all liquidated duties' as mandated by 28 U.S.C. § 1582(c)(2) as a prerequisite to [Customs Court] jurisdiction.").

Nature's Farm says it "paid" the amount in dispute when it deposited its check in the mail. The government says Nature's Farm "paid" the amount in dispute when the Customs Service received the check. We need not decide that issue because neither interpretation helps Nature's Farm. As above indicated, it is undisputed that Nature's Farm did not mail its check before commencing its action in the Court of International Trade.

## CONCLUSION

Because, at the time Nature's Farm commenced its action in the Court of International Trade, all duties had not "been paid" within the meaning of 28 U.S.C. § 2637(a), that court lacked jurisdiction to entertain the action. The Court of International Trade properly dismissed Nature's Farm's complaint.

AFFIRMED.