ATLANTIC STEAMER AND SUPPLY CO., INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 86–06–00690

(Decided May 27, 1988)

*Howard S. Press,* attorney for plaintiff.
*Richard K. Willard,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, (*Kenneth N. Wolf*), Civil Division, Commercial Litigation Branch, United States Department of Justice, for defendant.

### DECISION

Defendant's motion to dismiss for lack of jurisdiction is granted, as plaintiff did not meet the statutory requirement of paying all monies due to the Customs Service prior to filing this complaint.

### BACKGROUND

Plaintiff brought this action contesting the denial of a protest filed by plaintiff and denied by Customs on December 5, 1985. The action was filed on June 3, 1986, the last day of the 180 days on which such an action could have been timely commenced. (28 U.S.C. § 2636(a)). On the same day, June 3, and approximately three hours before the complaint was filed, plaintiff mailed, by registered mail, the liquidated duties owed to Customs. Defendant moves for dismis-

sal of the complaint on the grounds of lack of jurisdiction. The sole question presented is whether or not plaintiff has complied with 28 U.S.C. § 2637(a) which states in relevant part:

> "(a) A civil action contesting the denial of a protest under section 515 of the Tariff Act of 1930 may be commenced in the Court of International Trade only if all liquidated duties, charges, or exactions have been paid at the time the action is commenced * * *."

Whether or not plaintiff has complied hinges entirely on the question of whether plaintiff's mailing the monies due can be equated with having paid such monies on the date of mailing. It cannot.

Whatever arguments there might have been to equate mailing with payment were set to rest by this Court, in *Nature's Farm Products, Inc.* v. *U.S.*, 10 CIT 676, 648 F. Supp. 6, *aff'd*, 819 F.2d 1127 (Fed. Cir. 1987). In *Nature's Farm*, a case factually similar to the instant case, the Court adopted the Government's position that monies due must have been actually *received* by Customs prior to the commencement of an action, citing extensively both case law and horn books (e.g. Corbin on Contracts). Thus, even though the facts in this case vary slightly from those in *Nature's Farm*, as plaintiff did mail the payment by registered mail prior (although only three-and-a-half hours earlier) to filing the complaint, that mailing did not constitute payment. In passing, it may be noted that had plaintiff mailed his payment from New Jersey to New York even one or two days earlier, the check might have been received prior to the filing of the summons, or the Court might have found some equitable grounds to infer due diligence on the part of the plaintiff and somehow brought the case within the requirements of § 2637(a).

This did not happen however, and defendant's motion to dismiss must be, and it hereby is granted, and the case

## DISMISSED.