**MERCADO JUAREZ/DOS GRINGOS and Don Bowden, Plaintiffs**

v.

**UNITED STATES, Defendant.**

Court No. 91–10–00768 (BN).

United States Court of International Trade.

July 22, 1992.

Porter, Wright, Morris & Arthur, Leslie Alan Glick, Washington, D.C., for plaintiffs.

Stuart M. Gerson, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, New York City, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch, Civ. Div., Dept. of Justice, and Barbara M. Epstein, Washington, D.C., for defendant.

## AMENDED OPINION AND ORDER

NEWMAN, Senior Judge:

This action raises the issue of the proper tariff classification and rate of duty under the Harmonized Tariff Schedules of the United States for plaintiffs' importations of avocado pulp entered at Laredo, Texas on various dates in 1990. In conformance with 19 U.S.C. § 1514(a), plaintiffs filed administrative protests against the liquidations of the entries, and pursuant to 19 U.S.C. § 1515 such protests were denied by the District Director by notices of July 30, 1991 and September 11, 1991. Following 28 U.S.C. §§ 2631 and 2632(b) plaintiffs filed a summons on October 24, 1991 contesting denial of their protests and predicate the court's jurisdiction on 28 U.S.C. § 1581(a).

Defendant moves to dismiss the action for lack of jurisdiction pursuant to CIT Rule 12(b)(1) and 28 U.S.C. § 2637(a) on the ground that all liquidated duties and interest charges were not paid in full prior to the filing of the summons on October 24, 1991. Hence, asserts defendant, a jurisdictional prerequisite is lacking for judicial review of the classification and rate of duty assessed on the importations. *See Penrod Drilling Co. v. United States*, 13 CIT 1005, 727 F.Supp. 1463 (1989), *reh'g denied*, —— CIT ——, 740 F.Supp. 858 (1990), *aff'd*, 925 F.2d 406 (Fed.Cir.1991).

Plaintiffs concede that they did not pay the full amount of duties and interest owing on *all* of the entries listed in their summons until October 28, 1991—four days after the filing of the summons—but nonetheless oppose dismissal for lack of jurisdiction. Citing *Eddietron, Inc. v. United States*, 84 Cust.Ct. 158, C.D. 4853, 493 F.Supp. 585 (1980), plaintiffs point up that on September 26 and October 1, 1991—well in advance of the filing of the summons—in good faith they paid more than $28,000 for all of the duties and interest they believed were due and owing on the entries; and consequently, the court should exercise its equitable powers and credit as full payment all of the duties and interest paid prior to filing the summons to 23 out of 26 of the entries, and take jurisdiction of this action to that extent.

The court must agree with defendant's position that due to the application of 19 C.F.R. § 24.3a(c)(5) (payments must be allocated to interest before being applied to the principal), plaintiffs had not paid the entire amount of principal owing on all of the entries prior to the filing of the summons; and that since insufficient payment was submitted by plaintiffs to cover all moneys due on all the entries listed in the summons, a balance remained due on each of the entries at the time this action was commenced. However, for purposes of the court's jurisdiction, defendant has no objection to an equitable allocation of the duties already paid to certain entries covered by the summons, dismissal of the action as to

three of the entries for which the duties paid are not sufficient, and preserving the court's jurisdiction in this case over the other twenty-three entries, as requested by plaintiffs.

The court finds that under all the facts and circumstances, the foregoing disposition is equitable to both parties and satisfies the statutory prerequisites to the court's jurisdiction. The total amount actually paid by plaintiffs prior to filing the summons—$28,711.08—was more than sufficient to cover all duties and interest ($28,240.57) owing to Customs on 23 of the 26 entries listed on the summons. Following the *Eddietron* rationale, permitting the court to exercise its equitable power to reapportion plaintiff's partial payment of duties and interest with respect to all entries so as to permit full payment regarding certain entries, the court holds that with respect to 23 entries the payments made by plaintiffs should be deemed as payment in full. *See also United States v. Novelty Imports, Inc.*, 60 CCPA 131, C.A.D. 1096, 476 F.2d 1385 (1973); *Dynasty Footwear v. United States*, 4 CIT 196, 551 F.Supp. 1138 (1982). Relative to the three other entries for which full payment of duties and interest had not been made to Customs by the date of filing of the summons, the court lacks jurisdiction.[1]

This action is, at plaintiffs' request and without objection by defendant, severed and dismissed as to entries 22800074506, 22800074886 and 22800075156. As to the other twenty-three entries, defendant's motion to dismiss is denied.

Finally, the court finds plaintiffs' charges that its jurisdictional problems in this case may be ascribed to the bad faith on the part of Government counsel in not promptly filing an answer to the complaint by January 26, 1992 pointing out plaintiffs' jurisdictional impediment, and in seeking extensions of time (to which plaintiffs consented) for the purpose of delaying the present case beyond the statute of limitations for filing of a new action are disingenuous and unfounded—indeed, frivolous, irrelevant, and unsupported by a scintilla

---

1. Plaintiffs concede that with respect to entry No. 22800075156, the last entry listed on the summons, there has been no timely payment of the duties and interest owing, and thus that the action must be dismissed as to that entry for lack of jurisdiction.

of substantiation. Plaintiffs' request for a preliminary evidentiary hearing for *the court* to interrogate under oath government counsel as to her motives in requesting patently routine extensions of time is denied.

In view of the foregoing, plaintiffs' attempt to invoke the doctrine of equitable estoppel against defendant is summarily rejected. *See also, United States v. Federal Insurance Co.,* 5 Fed.Cir. 16(T), 805 F.2d 1012 (Fed.Cir.1986), *cert. denied,* 481 U.S. 1048, 107 S.Ct. 2179, 95 L.Ed.2d 835 (1987); *Eddietron,* 84 Cust.Ct. at 162, 493 F.Supp. 585, citing *Air–Sea Brokers, Inc. v. United States,* 66 CCPA 64, C.A.D. 1222, 596 F.2d 1008 (1979). Plaintiffs and their counsel cannot fairly put the blame on defendant's counsel for plaintiffs' lack of due diligence. Inexplicably, plaintiffs failed to pay the additional balance of duties and interest billed by Customs on October 13, 1991 until October 28, 1991—four days after the filing of the summons—which lack of due diligence was further compounded by the failure to institute a new action by filing a second summons prior the expiration of the 180 day statute of limitations (28 U.S.C. § 2636(a)) in January and March 1992.