PEKING HERBS TRADING CO., PLAINTIFF *v.*
DEPARTMENT OF THE TREASURY, U.S. CUSTOMS SERVICE, DEFENDANT

Court No. 92–07–00447

(Decided November 3, 1993)

*Yuen & Yuen (Veronica C. Yuen)* for the plaintiff.
*Frank W. Hunger,* Assistant Attorney General; *Joseph I. Liebman,* Attorney-in-Charge,
International Trade Field Office, Commercial Litigation Branch, U.S. Department of
Justice, Civil Division *(Nancy M. Frieden)* for the defendant.

OPINION

AQUILINO, *Judge:* This action arises out of denial of a protest of classifi-
cation of Ching Hsin Green Tea by the U.S. Customs Service under sub-
heading 2106.90.60 of the Harmonized Tariff Schedule of the United
States ("HTS") ("Food preparations not elsewhere specified or included
* * *: Other * * *: Other"). The complaint avers that the merchandise is
a tea pellet consisting mostly of jasmine green tea (34%) and honey
(30%) and is thus classifiable under HTS subheading 0902.20.00
("Other green tea (not fermented)"), with entry thereof free of duty.

I

Defendant's answer admits that this action has been brought pursu-
ant to 28 U.S.C. § 1581(a), but it asserts as an affirmative defense lack of
jurisdiction upon allegations that the duties found due at liquidation in
accordance with the Service's aforementioned classification were paid
on or about August 26, 1992, or after commencement of this lawsuit on
July 8, 1992. This answer has now brought forth a motion by the plain-
tiff to strike it and for summary judgment upon the following represen-
tations of counsel, among others:

(2) The issue to be decided in this motion for summary judgment
does not raise any triable issue of fact; the sole question here con-
cerns the constitutionality of 28 U.S.C. 2637(a).

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(5) The statute at issue * * *, by imposing as a prerequisite the
payment of the sum which is in dispute, * * * acts to deprive one's
constitutional right to due process. Payment of duty, if wrongfully
imposed, is an unlawful taking of property; as such, due process
should apply. One's liability to pay duty on imported merchandise
accrues at the time of entry, but payment of same should not be due
if the amount is in dispute and legal remedies have not been ex-
hausted. To impose as a prerequisite full payment of the disputed

sum would unconstitutionally exclude a class who is financially unable to meet the prerequisite and thus unconstitutionally deprive one's right to be heard in the court of law.

(6) The immunity of [the] U.S. from suits is not questioned, nor is the right of Congress to set terms and conditions under which the U.S. may be sued. Congress may permissibly set any non-monetary prerequisite terms and conditions under which the government consents to be sued. However, prerequisite terms and conditions cannot be such that they act to selectively and discriminatorily impede one's access to seek judicial relief. 28 U.S.C. § 2637(a) bars access to judicial redress [to] those who are financial[ly] unable to meet the prerequisite. The statute is thus unconstitutional on its face. In this case, the amount of duty levied is in excess of Thirty Thousand U.S. Dollars. The plaintiff, a small importing firm owned by U.S. citizens, could not raise enough funds to pay the duties and then litigate. The duties, together with all interest and penalties, were paid about one [and] a half months after the instant action was commenced, the earliest possible time the Plaintiff was able to come up with the required funds.

As part of its response to plaintiff's motion, the defendant interposes a "cross-motion for dismissal", which could have been better styled as one for judgment on the pleadings within the meaning of CIT Rule 12(c).

## II

Whatever the choice of nomenclature, review of the motions leads the court to agree with plaintiff's counsel that they do not raise any triable issue of fact; the sole question here concerns the constitutionality of 28 U.S.C. § 2637(a), which can be decided by the court in summary fashion.

That statutory section states:

> A civil action contesting the denial of a protest under section 515 of the Tariff Act of 1930 may be commenced in the Court of International Trade only if all liquidated duties, charges, or exactions have been paid at the time the action is commenced, except that a surety's obligation to pay such liquidated duties, charges, or exactions is limited to the sum of any bond related to each entry included in the denied protest.

On its face, this provision is a waiver of the sovereign's immunity, and such a waiver must be strictly construed. Stated another way, the United States is immune from suit except in accordance with terms and conditions to which it consents. *E.g., Glamorise Foundations, Inc. v. United States,* 11 CIT 394, 661 F.Supp. 630 (1987), in which the court vacated a stipulated judgment upon determining that the plaintiff had paid duties two months after the date of commencement. In dismissing for lack of jurisdiction, the court took note of the manifest congressional intent, as expressed by the clear and unambiguous statutory language, that tender of liquidated duties be a condition precedent to invocation of judicial review. 11 CIT at 397, 661 F.Supp. at 632, citing *American Air Parcel Forwarding Co. v. United States,* 6 CIT 146, 573 F.Supp. 117

(1983). Similarly, in *Nature's Farm Products, Inc. v. United States,* 10 CIT 676, 648 F.Supp. 6 (1986), *aff'd,* 819 F.2d 1127 (Fed.Cir. 1987), this court held that the mailing of a check on the same day as the filing of a summons did not amount to payment "at the time the action is commenced". In affirming that decision, the court of appeals referred to the legislative history of subsection (a) as requiring payment to be made prior to commencement of an action. Post-filing payment was also rejected in *Melco Clothing Co. v. United States,* 16 CIT 889, 804 F.Supp. 369 (1992), wherein the plaintiff had filed its summons in January, paid the duties in February and then filed an amended complaint in April, declaring that all had been paid. The court dismissed the action for lack of jurisdiction, holding payment to be an indispensable prerequisite.

Partial payment of duties is also insufficient to satisfy the requirements of section 2637(a). In *Eddietron, Inc. v. United States,* 84 Cust.Ct. 158, C.D. 4853, 493 F.Supp. 585 (1980), for example, the plaintiff had executed and delivered a promissory note to cover the duties assessed. The court noted that neither the statute nor regulations promulgated by the Secretary of the Treasury provided for such method of attempted payment.

In short, courts read the requirement of prepayment of duties literally. "Conditions upon which the government consents to be sued must be strictly observed and are not subject to implied exceptions." *NEC Corporation v. United States,* 806 F.2d 247, 249 (Fed.Cir. 1986). "If a litigant fails to comply with the terms upon which the United States has consented to be sued, the court has no 'jurisdiction to entertain the suit.'" *Georgetown Steel Corporation v. United States,* 801 F.2d 1308, 1312 (Fed.Cir. 1986), quoting *United States v. Mitchell,* 445 U.S. 535, 538 (1980). In *Champion Coated Paper Co. v. United States,* 24 CCPA 83 (1936), the court affirmed dismissal of a challenge to reliquidation for lack of jurisdiction due to the appellants' failure to have paid the reliquidation fees prior to initiation of their suit. The court quoted the trial court with approval as follows:

> The statute contemplates that the importer must have some substantial matter about which he may file a protest. * * * If they [the duties] have been delivered under bond, then in order to put the Government in a position where it can be protected as well as show that the importer has been put at a financial disadvantage, he must pay the amount of duties, etc.
> The importer is here in a case wherein he has not, so far as we can see, been in any manner injured, nor has any property been taken from him, nor have any of his rights been invaded such as would give him any standing in this court.[1]

---

[1] *Champion Coated Paper Co. v. United States,* 24 CCPA 83, 88 (1936). This court notes in passing that this approach applies to other disagreements with the government, including, of course, payment of taxes and related penalties and fines. *See, e.g., Franklet v. United States,* 578 F.Supp. 1552, 1560 (N.D. Cal. 1984) ("[A]lthough congressional restriction to postenforcement review may place an organization * * * in a precarious financial position, the problems presented do not rise to the level of constitutional infirmities * * *"), quoting *Bob Jones University v. Simon,* 416 U.S. 725, 747 (1974).

Parties in plaintiff's position may disagree with the foregoing reasoning, but it has been and remains the law of this land. Since the plaintiff has failed to properly invoke judicial review of the sovereign's classification, the court has no alternative but to grant defendant's motion to dismiss based on the pleadings. Judgment will enter accordingly.