### GLAMORISE FOUNDATIONS INC., Plaintiff,

### v.

### The UNITED STATES, Defendant.

#### Court No. 86–06–00746.

United States Court of International Trade.

May 27, 1987.

Law Offices of Richard L. Furman (Richard L. Furman, New York City, and Jeanmarie DelCore, of counsel), for plaintiff.

Richard K. Willard, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Civ. Div., Dept. of Justice and Kenneth N. Wolf, New York City, for defendant.

### MEMORANDUM OPINION AND ORDER

NEWMAN, Senior Judge.

Defendant's concurrent motions to vacate a stipulated judgment on an agreed statement of facts and to dismiss this action for lack of jurisdiction is granted since at the time the action was commenced, plaintiff admittedly had not paid all liquidated duties, as required by 28 U.S.C. § 2637(a). The provision in section 2637(a) with respect to the payment of all liquidated duties at the time the action is commenced is a strict requirement for invoking the jurisdiction of the Court of International Trade in an action brought under 28 U.S.C. 1581(a) to contest the denial of a protest and such jurisdictional requirement may not be waived.

### Introduction

Defendant has moved, pursuant to rules 1, 59 and 60 of the Rules of the United States Court of International Trade, for relief from the stipulated judgment entered by the court in this case on March 5, 1987

upon an agreed statement of facts. Concurrently, by separate motion, defendant seeks dismissal of this action on the ground that the court lacks jurisdiction.

Specifically, defendant requests vacatur of the March 5, 1987 judgment and dismissal of the action on the ground that "the Customs Service's recent review of the jurisdictional facts discloses that plaintiff commenced this action prior to the payment of the liquidated duties" (Def't's Memorandum at 1). In essence, it is the government's position that plaintiff failed to comply with 28 U.S.C. § 2637(a)[1] and consequently the court was without jurisdiction to render the March 5, 1987 judgment.

Plaintiff opposes defendant's motions on the grounds: (1) plaintiff made a good faith attempt to satisfy the requirements of section 2637(a) by arranging with its surety for the timely payment of all liquidated duties; and (2) the government's failure to raise the jurisdictional issue before the stipulated judgment was entered precludes defendant from now raising the issue. While frankly conceding that the liquidated duties were unpaid at the time this action was commenced, as required by section 2637(a), plaintiff urges that the court, under the circumstances of this case, should exercise its discretion and equity powers to excuse plaintiff from the requirement of section 2637(a) that liquidated duties be paid at the time the action is commenced.

After careful consideration of the parties' submissions, the court is constrained to grant defendant's motions.

### Background

From the affidavits submitted by the respective parties and the court records, the following undisputed facts appear:

As previously mentioned, defendant stipulated on March 5, 1987 to a judgment on an agreed statement of facts. *See* Rule 58.1. Approximately three weeks thereafter, on or about March 27, 1987, the Customs Service (Customs) discovered that plaintiff had not tendered payment of the liquidated duties owing on its entry until August 28, 1986, some two months after the filing of the summons in this action. When the government entered into the stipulated judgment on March 5, 1987, Customs erroneously assumed that at the time this action was commenced, plaintiff had paid all liquidated duties. This assumption was based on the fact that Customs' computer listing of unpaid accounts as of May 31, 1986 did not disclose any outstanding or unpaid bills pertaining to "Glamorise Foundation," although it showed that "Glamouse Found." had unpaid liquidated duties. Inasmuch as "Glamorise Foundation" did not appear on the computer listing as of May 31, 1986, Customs incorrectly assumed that plaintiff did not owe any liquidated duties to the government. However, in a recent review of its records, Customs discovered that as of June 13, 1986, the date this action was commenced, liquidated duties for the entry in question had in fact not been tendered on behalf of plaintiff. It is undisputed by plaintiff that liquidated duties were not paid on its entry until August 28, 1986.

Plaintiff explains this default in the timely payment of liquidated duties on the basis of plaintiff's reliance upon its surety's promise to make payment of the duties so that this action could be properly filed and the surety's breach of its obligation to plaintiff to make timely tender of the duties prior to commencement of this action.[2]

### Opinion

There can be no doubt that if the court lacked jurisdiction of this action at the time judgment was entered for plaintiff, Rule 60(b)(4) of the rules of this court is an appropriate vehicle for granting defendant

---

1. 28 U.S.C. § 2637(a) provides: "A civil action contesting the denial of a protest under section 515 of the Tariff Act of 1930 may be commenced in the Court of International Trade only if all liquidated duties, charges or exactions, have been paid at the time the action is commenced * * *."

2. The affidavit submitted by plaintiff discloses that because of plaintiff's financial difficulties at the time, plaintiff had arranged for its surety to advance the duties and make timely payment to Customs.

relief from the void judgment. *McLearn v. Cowen & Co.*, 660 F.2d 845 (2nd Cir.1981). Further, under Rule 60(b)(1) this court may grant relief from a judgment for mistake, inadvertence or excusable neglect.

■ While there is no question that the government demonstrated a willingness to stipulate in plaintiff's favor on the merits when a judgment upon an agreed statement of facts was entered on March 5, 1987, nonetheless the undisputed facts outlined above compel application of the relief provisions of Rule 60(b) and dismissal of this action for lack of jurisdiction. Plainly, an action may be dismissed on jurisdictional grounds for failure to pay increased duties. The burden of proof of jurisdiction, of course, is always on the party asserting jurisdiction—normally the plaintiff. *Associated Dry Goods v. United States*, 69 Cust.Ct. 23, C.D. 4367 (1972).

■ Pursuant to 28 U.S.C. 2637(a), the tender of liquidated duties at the time the action is commenced is, obviously, a condition precedent to invoking the jurisdiction of this court. *American Air Parcel Forwarding Co. v. United States*, 6 CIT 146, 573 F.Supp. 117 (1983). The court sees no ambiguity in the statute concerning that requirement. Unfortunately, in the instant case, the liquidated duties were not paid for some two months after the filing of a summons in this action. Significantly, were Customs required to reliquidate the entry covered by this action pursuant to the court's judgment of March 5, 1987, the government would, in conformance with the court's judgment, be obligated to pay plaintiff interest on the refunded duties at the statutory rate *from the date of filing of the summons.* 28 U.S.C. § 2644. Plainly, then, section 2644 also demonstrates that Congress expected all liquidated duties, charges, and exactions to be paid at the time an action contesting the denial of a protest is filed.

In support of its contention that the court, under the circumstances of this case, should apply equitable principles to the requirements of 28 U.S.C. § 2637(a), plaintiff relies upon *Dynasty Footwear v. United States*, 4 CIT 196, 551 F.Supp. 1138 (1982).

But, plaintiff's reliance upon *Dynasty* is misplaced here.

In *Dynasty*, the court denied the government's motion to dismiss for lack of jurisdiction holding that the requirement for payment of duties before commencement of an action imposed under section 2637(a) was satisfied. At the time the action was instituted in *Dynasty*, Customs was in possession of sufficient monies owing to plaintiff to pay the duties on the entry in the pending action and such monies owing to plaintiff should have been set off against the duties due on the entry covered by the action. In the current case, however, plaintiff concedes that the special circumstances existing in *Dynasty* relating to the offset to the duty liability are absent here.

■ Plaintiff next insists that under section 2637(a) payment of liquidated duties is merely a condition precedent to suit which may be satisfied at any time after the action is commenced and that the statute imposes no jurisdictional requirement. This argument is refuted by the express language of the statute. Indeed, section 2637(a) is clear and unambiguous that an action may be brought "only if all liquidated duties, charges or exactions have been paid *at the time the action is commenced*" (emphasis added). Plaintiff requests that the court ignore the express language of the statute and exercise its equity powers to make an exception for plaintiff under the circumstances of the present case.

Fundamentally, of course, the United States is immune from suit except in accordance with the terms and conditions under which it consents to be sued. *NEC Corporation v. United States*, 806 F.2d 247 (Fed.Cir.1986). In section 2637(a), Congress manifestly expressed its intent that payment of liquidated duties *at the time the action is commenced* is a prerequisite to the filing of a summons in a action brought to contest the denial of a protest. And "[t]he terms of the government's consent to be sued in any particular court define that court's jurisdiction to entertain the suit." *Id.*, at 249. Further, "[c]onditions upon which the government consents

to be sued must be strictly observed and are not subject to implied exceptions." *Ibid.* Consequently, the court cannot entertain jurisdiction in this action based upon the exercise of discretion or its equity powers. In short, plaintiff's contention that noncompliance with section 2637(a) "may be subject to excuse and remedied upon equitable principles" (*NEC Corporation,* 806 F.2d at 249) must be rejected under the facts presented here.

■ We turn to plaintiff's contention that the government's failure to investigate plaintiff's payment of liquidated duties and raise the jurisdictional issue until after the entry of judgment on March 5, 1987 precludes defendant from any relief from the judgment.

While the court has no doubt that the jurisdictional impediment to plaintiff's action raised by defendant at this late juncture could have been more effectively investigated by Customs personnel and more timely asserted by defendant in this action, it is fundamental that a requisite of jurisdiction cannot be waived. *NEC Corporation,* 806 F.2d at 249, citing *Georgetown Steel v. United States,* 801 F.2d 1308, 1312 (Fed.Cir.1986). Moreover, a motion to vacate a judgment for lack of jurisdiction "may be brought at any time after final judgment." *McLearn,* 660 F.2d at 848. In *BASF Colors & Chemicals, Inc. v. United States,* 57 Cust.Ct. 541, R.D. 11195 (1966), *aff'd,* 59 Cust.Ct. 834, A.R.D. 228 (1967), *aff'd,* 56 CCPA 47, 420 F.2d 763 (1969), the court stressed that questions of jurisdiction may be raised at any time "for clearly a decision of a court without jurisdiction is a nullity". 57 Cust.Ct. at 543.

In summary, the undisputed facts demonstrate that while plaintiff made a good faith attempt to pay the liquidated duties in a timely manner, nonetheless, the court lacks jurisdiction over this action by virtue of plaintiff's failure to comply with 28 U.S.C. § 2637(a). The court's lack of jurisdiction is properly raised by defendant at this time as a ground for vacatur of a void judgment under Rule 60(b)(4) and for dismissal of the action.

*Order*

Accordingly, it is hereby ordered that:

1. Defendant's motion for vacatur of the decision and judgment entered on March 5, 1987 is granted.

2. Defendant's motion to dismiss for lack of jurisdiction is granted.