**MELCO CLOTHING CO., INC.,** Plaintiff,

v.

**UNITED STATES of America, Defendant.**

**Court No. 91–01–00058.**

United States Court of International Trade.

Oct. 13, 1992.

Gutglass, Erickson & Bonville, Paul R. Erickson, Milwaukee, Wis., for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., Joseph I. Liebman, Attorney–In–Charge, Intern. Trade Field Office, Mark S. Sochaczewsky, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

NEWMAN, Senior Judge.

## INTRODUCTION

Defendant's motion to sever and dismiss for lack of jurisdiction is granted since, at the time the action was commenced, plaintiff had not paid all liquidated duties as required by 28 U.S.C. § 2637(a). The provision in section 2637 with respect to the payment of all liquidated duties at the time the action is commenced is a strict requirement for invoking the jurisdiction of the Court of International Trade in an action brought under section 1581(a) to contest the denial of a protest. Plaintiff cannot cure the jurisdictional defect by amending the complaint. Defendant is granted an extension of time to answer the amended complaint.

## BACKGROUND

Melco Clothing Co., Inc. (hereinafter "Melco") brought this action pursuant to section 515 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1515 (1988), to contest the denial of its protests in connection with entries of men's clothing. Following the denial of its protests, Melco filed a summons in this court on January 23, 1991. It is undisputed by Melco that, concerning the five entries at issue here, liquidated duties were not paid to Customs until February 14, 1992.[1] Melco filed an amended complaint on April 23, 1992, including an allegation that "all liquidated duties in the Protests and Entries outlined in the Summons and Amended Summons have been paid on or before February 14, 1992." Brief in Opposition to Defendant's Motion to Dismiss at 1.

## DISCUSSION

Defendant has moved under USCIT R. 12(b) to dismiss the action with regard to the entries for which liquidated duties were not paid prior to the filing of the summons

---

1. The Protest Numbers which are the subject of the government's motion to sever and dismiss are 3701–89–000036 and 3701–89–000088. They cover Entry Nos. 210–0223720–0, 210–0225439–5, 210–0223947–9, 210–0224070–9 and 210–0227449–2.

and the original complaint. Defendant argues that under section 2637(a) this court lacks jurisdiction whenever liquidated duties have not been paid at the time the action is commenced. Melco counters that under USCIT R. 15(c) the filing of an amended complaint after a late payment of duties has the effect of curing the failure to pay those duties in a timely manner because the claims contained in an amended complaint relate back to the commencement of the action. Since those claims involve an allegation of compliance with section 2637(a), Melco asserts that the action should be treated as though the duties had been timely paid. However, the court agrees with defendant that the jurisdictional prerequisite of section 2637(a) cannot be satisfied by the late payment of duties, followed by the filing of an amended complaint.

■ An action to contest a denial of a protest is deemed commenced on the date when the summons is filed. USCIT R. 3; *Penrod Drilling Co. v. United States*, 13 CIT 1005, 1007, 727 F.Supp. 1463, 1465 (1989), *aff'd*, 925 F.2d 406 (Fed.Cir.1991). The payment of all liquidated duties, charges or exactions at the time the action is commenced is a condition precedent that must be satisfied *before* invoking the jurisdiction of this court. *Id. See also Glamorise Foundations, Inc., v. United States*, 11 CIT 394, 396–97, 661 F.Supp. 630, 632 (1987); *Nature's Farm Products, Inc. v. United States*, 10 CIT 676, 648 F.Supp. 6 (1986), *aff'd*, 5 Fed.Cir. (T) 103, 819 F.2d 1127 (Fed.Cir.1987). This condition is to be strictly applied and is not subject to implied exceptions. *Glamorise*, 11 CIT at 397, 661 F.Supp. at 632–33 (citing *NEC Corp. v. United States*, 5 Fed.Cir. (T) 49, 51, 806 F.2d 247, 249 (Fed.Cir.1986)).

Nevertheless, Melco contends that the liberal pleading rules of this court permit plaintiff to cure the jurisdictional defect of nonpayment of duties. Specifically, Melco proposes that by paying the duties after the filing of the summons and then pleading its tardy compliance with section 2637(a) in an amended complaint, its factual allegation of compliance with the statute

"relates back" under USCIT R. 15(c) to the commencement of this action. Under this interpretation, Melco would be deemed to have paid the liquidated duties at the time the action was commenced. While there are no cases precisely addressing this point under USCIT R. 15(c), the court can rely upon ample authority concerning the mirror provision of Rule 15(c) in the Federal Rules of Civil Procedure. *See Tomoegawa (U.S.A.), Inc. v. United States*, 15 CIT ——, 763 F.Supp. 614, 617 (1991) (citing *Zenith Radio Corp. v. United States*, 5 Fed.Cir. (T) 111, 114, 823 F.2d 518, 521 (Fed.Cir.1987)). Melco's interpretation of Rule 15(c) is erroneous.

■ Leave to amend pleadings is generally liberally granted under Rule 15(a). *See, e.g., United States v. Gold Mountain Coffee*, 9 CIT 16, 17 (1985). If a jurisdictional basis is not lacking but has merely been imperfectly pleaded, an action will not be dismissed solely on account of technical defects in the body of the complaint. *See Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975); *Local 179, United Textile Workers of America, AFL–CIO v. Federal Paper Stock Co.*, 461 F.2d 849, 851 (8th Cir.1972).

■ However, Melco's reliance upon the "relation back" principle of Rule 15(c) is misplaced. The rule provides, in pertinent part:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

USCIT R. 15(c). The rule permitting relation back of amendments derives from the policy that once litigation has commenced regarding a given claim, the parties are not entitled to the protection of the statute of limitations against claims and defenses that arise out of the same transaction or occurrence stated in the original pleading. 6A Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1496 (1990). Thus, an amendment that does no more than correct a technical

deficiency or that merely modifies the facts alleged in the original complaint will relate back under Rule 15(c). *See Intrepid v. Pollock,* 907 F.2d 1125, 1128–30 (Fed.Cir. 1990). But the instant case is unsuited for Melco's proposed use of the "relation back" principle.

■■■ Plaintiff's purpose in amending its complaint is utterly unrelated to the policies underlying Rule 15(c). Melco is not in the position of the plaintiff who seeks to avoid the operation of the statute of limitations when correcting a technical deficiency in the form or content of the original pleadings. Rather, Melco seeks to use a procedural device to enlarge the jurisdiction of the court, a tactic that has already been rejected in the plainest possible terms. *See Finley v. United States,* 490 U.S. 545, 553 at n. 6, 109 S.Ct. 2003, 2009 at n. 6, 104 L.Ed.2d 593 (1989) (rules of procedure only implement the jurisdiction otherwise granted by Congress); *Port Drum Co. v. Umphrey,* 852 F.2d 148, 149 (5th Cir.1988) (Rule 11 does not create a right of action independent of statute); *Doe v. O'Bannon,* 91 F.R.D. 442, 447 (E.D.Pa.1981) ("relation back" principle of Rule 15(c) cannot be used artificially to create constitutional prerequisite of standing or otherwise enlarge federal jurisdiction). The insurmountable hurdle that Melco faces here is not an imperfect pleading of jurisdiction in the complaint but rather a complete absence thereof from the time the summons was filed. The court must determine the existence of jurisdiction from the time the summons was filed and not from the time of the amended pleading. *See Church of Scientology of Colorado v. United States,* 499 F.Supp. 1085, 1088 (D.Colo.1980) (facts occurring after complaint is filed cannot confer jurisdiction via amended complaint if sufficient jurisdictional facts did not occur at time complaint filed); *accord, People of the State of California v. Glendale Fed. S.*

*and L. Ass'n,* 475 F.Supp. 728, 733 (C.D.Cal.1979); *Coditron Corp. v. AFA Protective Systems, Inc.,* 392 F.Supp. 158, 161–62 (S.D.N.Y.1975) (removal jurisdiction determined from the face of the complaint at the time of removal, not after belated addition of federal question claim). Here, the amended pleadings will not suffice to "relate back" the jurisdictional allegation.

Finally, the logical consequence of Melco's proposed misapplication of Rule 15 would be to render meaningless a well established line of cases requiring strict observance of section 2637(a) as a jurisdictional prerequisite in cases contesting the denial of a protest.

## CONCLUSION

The nonpayment of liquidated duties for the five entries involved in this motion constituted a failure to satisfy an indispensable jurisdictional prerequisite to contesting Custom's denial of Melco's protest. It is accordingly

ORDERED that defendant's motion is granted and that Protest Numbers 3701–89–000036 and 3701–89–000088, together with the five entries to which they relate, are severed from this case and designated as Court No. 91–01–00058–S, and that with regard to the severed entries this action be and hereby is DISMISSED; and it is further

ORDERED that defendant's time to answer plaintiff's amended complaint as to the remaining entry is hereby extended ten (10) days after service of the court's determination herein and entry of this Order.