EARTH ISLAND INSTITUTE ETC. ET AL., PLAINTIFFS *v.* WARREN CHRISTOPHER, SECRETARY OF STATE, ROBERT E. RUBIN, SECRETARY OF TREASURY, ELINOR G. CONSTABLE, ASSISTANT SECRETARY OF STATE FOR THE BUREAU OF OCEANS, INTERNATIONAL ENVIRONMENTAL, AND SCIENTIFIC AFFAIRS, RONALD BROWN, SECRETARY OF COMMERCE, AND ROLLAND A. SCHMITTEN, ASSISTANT ADMINISTRATOR FOR FISHERIES, NATIONAL MARINE FISHERIES SERVICE, DEFENDANTS

Court No. 94–04–00321

(Dated October 12, 1995)

*Heller, Ehrman, White & McAuliffe (Joshua R. Floum, Nicole J. Walthall* and *James J. Williams)* for the plaintiffs.

*Frank W. Hunger,* Assistant Attorney General; *Lois J. Schiffer,* Acting Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division *(Jeffrey M. Telep)* and Environment & Natural Resources Division *(James C. Kilbourne, Eileen Sobeck* and *Christiana P. Perry),* U.S. Department of Justice; and Office of the Legal Adviser, U.S. Department of State *(David Balton)* and Office of General Counsel, National Oceanic and Atmospheric Administration *(Jason Patlis),* of counsel, for the defendants.

*Garvey, Schubert & Barer (Eldon V.C. Greenberg)* for the intervenor-defendant.

## MEMORANDUM AND ORDER

AQUILINO, *Judge:* In the aftermath of this court's denial of defendants' motion for partial summary judgment per slip op. 95–103, 19 CIT 812, 890 F.Supp. 1085 (1995), they come forth with a motion to amend their answer to include as an affirmative defense that "[p]laintiffs' claims are barred by the statute of limitations contained in 28 U.S.C. § 2636(i)." The intervenor-defendant National Fisheries Institute, Inc.[1] supports the motion, while the plaintiffs decry it on grounds of "undue delay, unfair prejudice and * * * futility"[2].

## I

Slip op. 95–103 concluded, as had the U.S. District Court for the Northern District of California and the Court of Appeals for the Ninth Circuit earlier *sub nom. Earth Island Institute v. Baker,* 1992 U.S. Dist. LEXIS 8604 (Aug. 6, 1992), *aff'd,* 6 F.3d 648 (9th Cir. 1993), that jurisdiction over plaintiffs' claims under Pub.L. No. 101–162, § 609(b), 103 Stat. 988, 1038 (1989), rests exclusively with this Court of International Trade pursuant to 28 U.S.C. § 1581(i)(3) and (4). When this is the predicate of subject-matter jurisdiction, a case "is barred unless commenced in accordance with the rules of the court within two years after the cause of action first accrues." 28 U.S.C. § 2636(i). Subsequent to commence-

---

[1] Its Motion for Leave to File Response to Plaintiffs' Opposition to the Federal Defendants' Motion to Amend Their Answer is hereby granted.

[2] Plaintiffs' Opposition to Defendants' Motion to Amend Answer [hereinafter cited as "Plaintiffs' Opposition"], p. 1.

ment, Rule 15(a) of those rules, as well as of the Federal Rules of Civil Procedure, provides, in part:

**AMENDMENTS.**

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been noticed for trial, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires * * *.

The California action was brought on February 24, 1992 by Earth Island Institute and its director of the Sea Turtle Restoration Project. As cited above, the action was dismissed on August 6, 1992, which judgment of dismissal was affirmed on October 1, 1993. The plaintiffs now at bar represent that "[n]either the Ninth Circuit, the District Court, nor the parties, expressly considered either the merits or necessity of a motion to transfer".[3] While this claim is challenged by the intervenor-defendant[4], the record is bereft of any order formally transferring the first action to this court. Rather, the two original named plaintiffs, joined by The American Society for the Prevention of Cruelty to Animals, The Humane Society of the United States, The Sierra Club and The Georgia Fishermen's Association, Inc., filed their complaint herein on June 7, 1994. Defendants' answer thereto, which was filed on August 8, 1994, pleads four affirmative defenses, including that the complaint is "moot to the extent that it challenges defendants' conduct prior to May 1, 1994." To this time-related defense, defendants' motion would now add one based directly on the above-referenced statute of limitation.

## II

While the logic of the foregoing rule governing amendment may favor parties plaintiff, the language, on its face, does not exclude parties in opposition. *See, e.g., Senza-Gel Corp. v. Seiffhart,* 803 F.2d 661 (Fed.Cir. 1986); *Foremost-McKesson v. Islamic Rep. of Iran,* 905 F.2d 438 (D.C.Cir. 1990); *Strachan v. Ashe,* 548 F.Supp. 1193 (D.Mass. 1982); *Rachman Bag Co. v. Liberty Mut. Ins. Co.,* 46 F.3d 230 (2d Cir. 1995); *Deakyne v. Commissioners of Lewes,* 416 F.2d 290 (3d Cir. 1969); *Defender Industries v. Northwestern Mut. Life Ins. Co.,* 938 F.2d 502 (4th Cir. 1991); *Montgomery Ward & Co. v. Robert Cagle Bldg. Co.,* 265 F.Supp. 469 (S.D. Tex. 1967); *Phelps v. McClellan,* 30 F.3d 658 (6th Cir. 1994); *King v. Cooke,* 26 F.3d 720 (7th Cir. 1994); *Costello, Porter v. Providers Fidelity Life Ins. Co.,* 958 F.2d 836 (8th Cir. 1992); *Wyshak v. City Nat'l Bank,* 607 F.2d 824 (9th Cir. 1979); *Atiya v. Salt Lake County,* 988 F.2d 1013 (10th Cir. 1993); *Forbus v. Sears Roebuck & Co.,* 30 F.3d 1402 (11th Cir. 1994), *cert. denied,* 115 S.Ct. 906 (1995); *Melco Clothing Co. v. United States,*

---

[3] *Id.* at 3.

[4] *See* Response of Defendant-Intervenor, pp. 2–3 and n. 2 and Exhibit A thereto.

1264

16 CIT 889, 804 F.Supp. 369 (1992). Nonetheless, the seminal case on the rule, *Foman v. Davis,* 371 U.S. 178 (1962), involved denial of a motion by a party plaintiff to amend its complaint. The Court held:

> * * * If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

371 U.S. at 182.

Understandably, the plaintiffs complain about the delay in defendants' raising of the statute of limitation, and they correctly follow the foregoing holding to the effect that "undue delay is plainly a relevant consideration * * * when deciding a motion to amend". Plaintiffs' Opposition, pp. 2–3. Given the nature of this action, not to mention its secondary timing, the sovereign status of the defendants, the number of lawyers apparently on their side or the traditional defenses encompassed by CIT Rule 8(d), the court finds that their delay is undue.

This finding is not conclusive here, however. As the plaintiffs themselves recognize, "undue delay is particularly relevant when combined with unfair prejudice". *Id.* at 3. The plaintiffs also concede that the circumstances of this action do not reflect "a traditional form of 'prejudice'"[5]. They attempt instead to conjure sufficient disadvantage from their dismissed prior action in California. *See id.* at 3–4. This effort is unpersuasive. As this court was constrained to remind counsel in *Avanti Products, Inc. v. United States,* 16 CIT 453, 453–54 (1992):

> * * * [A] party plaintiff has a primary and independent obligation to prosecute any action brought by it—from the moment of commencement to the moment of final resolution. That primary responsibility never shifts to anyone else and entails the timely taking of all steps necessary for its fulfillment.

Finally, and according to the plaintiffs "most importantly, to grant defendants' motion to amend would be a futile exercise." Plaintiffs' Opposition, p. 4. That is:

> * * * [T]he District Court expressly dismissed the action *without prejudice.* Assuming *arguendo* that at the time of the dismissal a

---

[5] Plaintiffs' Opposition, p. 4. *Cf.* James & Hazard, Civil Procedure, p. 212 (3d ed. 1985):

> Prejudice to the opponent * * * is far less likely to be caused by amendments offered before trial than by those offered at or after trial. By far the most frequent source of prejudice is the lack of opportunity to prepare and present a case to rebut the amendment. But such opportunity is not usually threatened by pre-trial amendments, unless they are offered on the eve of trial or unless the needed evidence has been dissipated or impaired by the delay * * *.

statute of limitations was properly applicable—which plaintiffs do not concede—grounds for transfer were plainly evident.

*Id.* (emphasis in original), citing *Kolek v. Engen,* 869 F.2d 1281 (9th Cir. 1989) and 28 U.S.C. § 1631, which section provides:

### Transfer to cure want of jurisdiction

Whenever a civil action is filed in a court * * * or an appeal * * * is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in * * * the court from which it is transferred.

On the face of this statute, the courts in California could have transferred the original action to this court. As for futility, suffice it to state that the court must determine if plaintiffs' action is time-barred, whether the statute of limitation is pleaded as an affirmative defense or not. *Compare, e.g.,* CIT Rule 12(h)(3) *with Georgetown Steel Co. v. United States,* 801 F.2d 1308 (Fed.Cir..1986), *and Humane Society of the United States v. Brown,* 19 CIT 1104, 901 F.Supp. 338 (Aug. 18, 1995). Suffice it to also state that the court concurs with the intervenor that that issue not be resolved finally at this stage. *See* Response of Defendant-Intervenor, p. 2, n. 1. As the Court of Appeals for the Federal Circuit recently opined in reversing a dismissal of an action as time-barred against the United States,

it is unnecessary in this case for us to examine in detail the current state of sovereign immunity doctrine as it applies to statutory time-bars. * * * It is enough to note that, given the complex and subtle nature of this inquiry, it is not helpful to a court to have the Government treat it as a simply black-and-white proposition, nor does it enhance the credibility of the Government's position.

*Henke v. United States,* 60 F.3d 795, 799 (Fed.Cir. 1995), citing *Wood-Ivey Systems Corp. v. United States,* 4 F.3d 961, 968 (Fed. Cir. 1993)(Plager, J., concurring).

Whatever the position of the defendants in this action may prove to be, their motion for leave to amend their pleading in order to develop it fully must be, and it therefore hereby is, granted[6] and the appended amended answer received.

---

[6] In affording this relief, the court is not persuaded by either the rules of practice or the facts and circumstances presented that Defendants' Motion for Leave to File a Reply in Support of Their Motion for Leave to Amend Their Answer should be granted. Hence, it is hereby denied.