**DAZZLE MFG., LTD., Plaintiff,**

v.

**UNITED STATES, Defendant.**

Slip Op. 97–101.
Court No. 95–09–01133.

United States Court of
International Trade.

July 23, 1997.

Peter A. Quinter, Becker & Poliakoff, for Plaintiff.

Frank W. Hunger, Asst. Atty. Gen., Joseph I. Liebman, Attorney–In–Charge, Intern. Trade Field Office, Commercial Lit. Branch, Civil Div., U.S. Dept. of Justice, Barbara M. Epstein, for Defendant.

## OPINION

WALLACH, Judge.

## INTRODUCTION

Plaintiff Dazzle Mfg., Ltd. ("Dazzle") brought this action to contest the denial of its protests in connection with nine entries of textile imports. Defendant moved to dismiss the case for lack of subject matter jurisdiction because Dazzle had failed to pay all duties and interest on these entries prior to commencing the action, as required by 28 U.S.C. § 2637(a) (1994). Plaintiff responded that its failure to make timely payment was due to reliance on incorrect information provided by U.S. Customs Service ("Customs") to its surety, and that therefore the government should be equitably estopped from asserting this jurisdictional defense.

■ Defendant's motion to dismiss is granted because the jurisdictional requirement that all liquidated duties, charges or exactions be paid at the time an action is commenced is strictly applied and is not subject to excuse or waiver based upon equitable principles.

## BACKGROUND

Plaintiff commenced this action on Aug. 30, 1995, by filing a summons which listed nine entries of textile imports. Customs liquidated three of these entries on July 8, 1994, and the remaining six on Aug. 12, 1994. Complaint ¶¶ 11–12. Plaintiff's protest regarding the classification and rate of duty assigned to the entries, allegedly submitted on Oct. 7, 1994, was denied by Customs in a letter dated March 8, 1995. Complaint ¶¶ 14–18.

Defendant moved to dismiss the case for lack of jurisdiction pursuant to USCIT Rule 12(b)(1), because Plaintiff had failed to pay all duties and/or interest prior to commencing the action, as required by 28 U.S.C. § 2637(a), and, additionally, had not filed timely protests with respect to three of the entries, as required by 19 U.S.C. § 1514(a)

---

1. 28 U.S.C. § 2637(a) provides:

(1994), thus depriving the Court of jurisdiction over them.

Plaintiff conceded that all duties, charges or exactions had not been paid at the time of filing the summons. Plaintiff's Reply Motion to Defendant's Motion to Dismiss ("Plaintiff's Reply") at 1. Plaintiff argued, however, that payment for the nine entries was late due to its reliance on incorrect information provided by Customs in violation of applicable regulations, and that, consequently, the government should be estopped from claiming that the Court does not have subject matter jurisdiction. *Id.* at 2–4. The regulations in question included 19 C.F.R. §§ 24.3a(c)(4) and (d)(2) (1995), requiring Customs to apply a late payment first to the interest accrued on the delinquent principal amount and, respectively, to provide certain information to an importer's surety. Because this Court finds that Plaintiff's theory of estoppel against the government is untenable, it is unnecessary to address Defendant's arguments that Customs in fact complied with the above regulations and that Plaintiff has failed to establish the requisite elements of estoppel.

The record shows that because Dazzle had failed to pay duties and interest owed on the nine entries after their liquidation, Customs sent a formal demand for payment to Dazzle's surety, American Home Assurance Company, in a letter dated April 13, 1995. Ex. A to Plaintiff's Reply. The surety paid the bills with a separate check for each entry. However, the checks were sent after the due date specified in Customs' letter. *Id.* Accordingly, Customs sent another formal demand to the surety on Aug. 7, 1995, requesting payment for additional interest in the amount of $966.10, which had accrued on the bills because payment was late. Ex. B to Plaintiff's Reply. Dazzle paid that amount with a check dated Sept. 27, 1995. Ex. C to Plaintiff's Reply.

## DISCUSSION

Plaintiff commenced this action under 28 U.S.C. § 1581(a) (1994) to contest Custom's denial of its protests. Pursuant to 28 U.S.C. § 2637(a)[1], the payment of all liquidated

A civil action contesting the denial of a protest under section 515 of the Tariff Act of 1930 may

duties, charges or exactions at the time the action was commenced is a condition precedent to invoking the jurisdiction of the U.S. Court of International Trade in an action brought under section 1581(a). *Melco Clothing Co. v. United States*, 16 CIT 889, 890, 804 F.Supp. 369, 371 (1992). The condition is to be strictly applied and the statute precludes any exercise of discretion by the court. *Penrod Drilling Co. v. United States*, 13 CIT 1005, 1007, 727 F.Supp. 1463, 1465 (1989), *reh'g denied*, 14 CIT 281, 740 F.Supp. 858 (1990), *aff'd*, 9 Fed.Cir. (T) 60, 925 F.2d 406 (1991); *United States v. Boe*, 64 C.C.P.A. 11, 16, 543 F.2d 151, 155 (1976).

■■■ This action was commenced on August 30, 1995, when the summons was filed. USCIT R. 3(a); *Penrod*, 13 CIT at 1007, 727 F.Supp. at 1465. Dazzle made the last payment on its nine delinquent duty bills on Sept. 27, 1995, almost a month after this date. Thus, it is undisputed that payment for all duties, charges or exactions was not made at the time of commencing this action. It is immaterial if Dazzle's payment discharged interest accrued on the bills because of the surety's late payment, since section 2637(a)'s "terms charges or exactions include the assessment of interest on the late payment of liquidated duties." *Syva Co. v. United States*, 12 CIT 199, 205, 681 F.Supp. 885, 890 (1988). Consequently, failure to pay such interest constitutes an omission, which is "fatal" and deprives the court of jurisdiction.[2] 12 CIT at 199, 681 F.Supp. at 886.

■■■ Despite the clear statutory mandate and numerous decisions which have applied strictly section 2637(a)'s requirement, Plaintiff maintains that the Court should assume jurisdiction over this case on a theory of equitable estoppel. However, it is well settled that in a suit against the government, jurisdictional requirements cannot be waived

or subject to excuse or remedy on the basis of equitable principles. *Mitsubishi Electronics America, Inc. v. United States*, 18 CIT 929, 932, 865 F.Supp. 877, 880 (1994). Such requirements must be strictly construed since a court has no power to relax the statutory preconditions for waiver of sovereign immunity. *Halperin Shipping Co., Inc. v. United States*, 14 CIT 438, 443, 742 F.Supp. 1163, 1168 (1990). *See also United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *United States v. Mitchell*, 445 U.S. 535, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). As this Court has held:

> Fundamentally, of course, the United States is immune from suit except in accordance with the terms and conditions under which it consents to be sued. In section 2637(a), Congress manifestly expressed its intent that payment of liquidated duties *at the time the action is commenced* is a prerequisite to the filing of summons in an action brought to contest the denial of a protest. And "[t]he terms of the government's consent to be sued in any particular court define the court's jurisdiction to entertain suit." Further, "[c]onditions upon which the government consents to be sued must be strictly observed and are not subject to implied exceptions." Consequently, the court cannot entertain jurisdiction in this action based upon the exercise of discretion or equity powers ... [and] plaintiff's contention that noncompliance with section 2637(a) "may be subject to excuse and remedied upon equitable principles" must be rejected. ...

*Glamorise Foundations, Inc. v. United States*, 11 CIT 394, 397–98, 661 F.Supp. 630, 632–33 (1987) (citations omitted). Thus, plaintiff's claim of equitable estoppel against the government is without merit, and must be similarly rejected.[3]

---

be commenced in the Court of International Trade only if all liquidated duties, charges, or exactions have been paid at the time the action is commenced. ...

2. In addition, it would not matter if the unpaid interest was minimal because "§ 2637(a) is to be applied strictly, [and] no exceptions may be read into law for nominal amounts left unpaid at the time the summons is filed." *Penrod*, 13 CIT at 1008, 727 F.Supp. at 1466.

3. The only decision cited by plaintiff in support of its claim of equitable estoppel, *Richmond v. Office of Personnel Management*, 862 F.2d 294 (Fed.Cir.1988), does not involve the issue of estoppel in connection to jurisdiction, or even in connection to import duties. In addition, Plaintiff fails to note that the decision, granting estoppel against the government's denying disability benefits to a person who had relied on the erroneous advice of a government employee, was

Furthermore, it is uncertain when, if ever, a claim of equitable estoppel can lay against the government. While in *Richmond* the Supreme Court left open the possibility "that some type of 'affirmative misconduct' might give rise of estoppel against the Government", it also noted that "we have reversed every finding of estoppel that we have reviewed." 496 U.S. at 421, 422, 110 S.Ct. at 2169, 2470. Leaving aside the question of jurisdiction, this case cannot be the proper one to fill the gap left open in *Richmond* because "equitable estoppel, even if available in cases involving the Government in its proprietary capacity, is not available against the Government in cases involving the collection or refund of duties on imports [where it acts in its sovereign capacity]." [4] *Air–Sea Brokers, Inc. v. United States,* 66 C.C.P.A. 64, 68, 596 F.2d 1008, 1011 (1979). *See also United States v. Reliable Chemical Co.,* 66 C.C.P.A. 123, 128, 605 F.2d 1179, 1184 (1979); *Wally Packaging, Inc. v. United States,* 7 CIT 19, 21, 578 F.Supp. 1408, 1410–11 (1984).

In summary, the Court lacks jurisdiction over this action by virtue of plaintiff's failure to comply with the requirement of 28 U.S.C. § 2637(a), which cannot be excused or remedied on the basis of equitable principles.[5]

## CONCLUSION

For the foregoing reasons, Defendant's motion is granted, and this action is dismissed.                   .

## JUDGMENT

This case having come before the Court for decision, and the Court, after due delibera-

tion, having rendered a decision herein; now, in conformity with said decision, it is hereby

ORDERED, ADJUDGED AND DECREED: that Defendant's Motion to Dismiss is granted. Accordingly, pursuant to USCIT Rule 12(b)(1), this action is dismissed in its entirety with prejudice, and final judgment is entered in favor of Defendant, the United States, and against Plaintiff, Dazzle Mfg., Ltd.

4. This view is also supported by *Richmond,* where considerations of preventing collusion and protecting the public treasury supported the holding that "claims for estoppel cannot be entertained where public money is at stake...." 496 U.S. at 427, 110 S.Ct. at 2473.

5. In addition, even if plaintiff had satisfied section 2637(a)'s jurisdictional requirement, the Court would still lack jurisdiction over three of the nine entries listed on the summons, because plaintiff failed to make a timely protest with respect to them. 19 U.S.C. § 1514(c)(3) pro-

vides that "[a] protest of a decision, order, or finding ... shall be filed with the Customs Service within ninety days after but not before—(A) notice of liquidation...." Plaintiff submitted a protest on Oct. 7, 1994, and then resubmitted it on Nov. 9, 1994, after learning that Customs had no record of the original protest. However, the three entries in question were liquidated on July 8, 1994. Complaint ¶¶ 14–17. Thus, even if the Oct. 7 protest was received by Customs, and was received on the same day, it still would have been untimely since the 90th day from the notice of liquidation was Oct. 6, 1994. Thus, Customs' decision with respect to these entries is "final and conclusive" under § 1514(a), and the Court would lack jurisdiction over them.