**Slip Op. 02-45**

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: SENIOR JUDGE RICHARD W. GOLDBERG**

| |
|---|
| LIBAS, LTD., |
| Plaintiff, |
| v. |
| UNITED STATES |
| Defendant. |

Court No. 98-06-02316

[Judgment ordered for plaintiff.]

Law Offices of Elon A. Pollack (Elon A. Pollack, Eugene P. Sands, and Wayne Jarvis), for plaintiff Libas, Ltd.

Robert D. McCallum, Jr., Assistant Attorney General, Joseph I. Liebman, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (Bruce N. Stratvert), for defendant United States.

**OPINION**

The plaintiff importer in this case, Libas, Ltd. ("Libas"), brought this suit challenging the United States Customs Service's ("Customs") classification of twenty-nine entries of woven fabrics of cotton. Customs originally classified the fabrics as machine-made under HTSUS 5208.41.60, dutiable at a rate of 11.4% ad valorem and subject to quota restrictions. Libas filed a timely protest, claiming that the entries should be classified as hand-woven under HTSUS 5208.42.10 or HTSUS 5208.41.20, depending on weight, and subject to a duty of 6% ad valorem, without quota

restrictions. Customs denied the protest, and Libas sought relief before this Court.

Subsequent to the initiation of this suit, the United States Court of Appeals for the Federal Circuit decided another case involving the same parties and different entries of the same merchandise. See Libas, Ltd. v. United States, 193 F.3d 1361 (Fed. Cir. 1999). In that decision, the Federal Circuit held that the reliability of Customs's methodology for determining whether the imported fabrics were power- or hand-loomed was open to challenge under the factors enumerated in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). On remand, this Court held that Customs's test was not reliable, and ordered the entries in question to be reliquidated at the rate applicable to hand-loomed fabrics. See Libas, Ltd. v. United States, 24 CIT __, 118 F. Supp. 2d 1223 (2000).

In light of these decisions, Customs now concedes that the entries at issue in this case were of hand-woven cotton fabrics, and should be classified accordingly. However, Customs has moved to sever and dismiss three[1] of the twenty-nine entries at issue here, on the grounds that the Court lacks jurisdiction. With respect to these three entries, Customs claims that Libas has failed to satisfy the jurisdictional prerequisites of 28 U.S.C. § 2637(a), which provides that "[a] civil action contesting the denial of a protest . . . may be commenced in the Court of

---

[1] Entries G51-0130598-7; G51-0130623-3; and G51-0130624-1.

-2-

International Trade only if all liquidated duties, charges, or exactions have been paid at the time the action is commenced." 28 U.S.C. § 2637(a) (2000). As the Court of International Trade has recognized, this requirement is strict. See Dazzle Mfg., Ltd. v. United States, 21 CIT 827, 828, 971 F. Supp. 594, 596 (1996). Because the government has challenged jurisdiction in this case, the burden falls on Libas to show that jurisdiction exists. Hambro Automotive Corp. v. United States, 66 CCPA 113, 117, 603 F.3d 850, 853 (1979).

The parties submitted letter memoranda and supporting evidence, including copies of checks tendered by Libas and its surety, and argued the matter in a conference call with the Court. After review of all papers had herein, and upon further investigation and due deliberation, the Court finds that Libas has proven its compliance with the requirements of § 2637(a). Accordingly, the Court has jurisdiction over all twenty-nine entries at issue in this case, and will enter judgment directing Customs to reliquidate said entries under HTSUS 5208.42.10, HTSUS 5208.41.20, or HTSUS 5209.41.30, depending on weight.

 

**_____**
**Richard W. Goldberg**
**Senior Judge**

**Dated: May 13, 2002**
      **New York, NY**

-3-

**ERRATUM**

<u>Libas, Ltd. v. United States</u>, Court No. 98-06-02316, Slip Op. 02-45, issued May 13, 2002.

On Page 1, in the identification of counsel, "<u>Joseph I. Liebman</u>, Attorney in Charge" should read "<u>John J. Mahon</u>, Acting Attorney in Charge".

May 16, 2002.