**Slip Op. 10 - 49**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: HONORABLE NICHOLAS TSOUCALAS, SENIOR JUDGE**

————————————————————————x

GREAT AMERICAN INSURANCE COMPANY :
OF NEW YORK as surety for
SMITHFIELD DISTRIBUTORS, INC., :

                    Plaintiff, :

                    v. : Court No. 06-00155

UNITED STATES, :

                    Defendant. :

————————————————————————x

**Held**: Defendant's Motion to Dismiss granted. Plaintiff's Motion to Amend the Summons denied.

                    Dated: May 6, 2010

Law Offices of Barry M. Boren (Barry M. Boren) for Plaintiff.

Tony West, Assistant Attorney General; Barbara S. Williams, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Alexander Vanderweide); Beth Brotman, Office of Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection, Of Counsel, for Defendant.

**OPINION**

**TSOUCALAS, Senior Judge**: Before the Court is a Motion to Dismiss by Defendant United States (the "Government"). Also under consideration is Plaintiff Great American Insurance Company's

("GAIC") Motion to Amend the Summons.  For the reasons discussed herein, the Court concludes that it does not have jurisdiction over this action; accordingly Plaintiff's motion is denied, Defendant's motion is granted, and the action is dismissed.

## BACKGROUND

The following facts are undisputed.  The subject merchandise was imported on March 14, 2002, as Entry No. AV3-0011596-9 under Subheading 2402.10.30, Harmonized Tariff Schedule of the United States ("HTSUS").  See Compl. ¶¶ 4, 7.  On May 9, 2003, Customs and Border Protection ("Customs") liquidated the imported merchandise under Subheading 2402.20.80, HTSUS.  See Compl. ¶¶ 4, 8.  On August 6, 2003, Protest No. 5201-03-100394 was filed and, two years later on November 18, 2005, denied.  See Compl. ¶ 4; Def.'s Mot. to Dismiss at 2.

GAIC, surety to the importer, mailed a summons to the Court on May 10, 2006 to challenge the denial of the protest under 28 U.S.C. § 1581(a) (2006).  See Summons; Def.'s Mot. to Dismiss at Ex. C. The Summons was received by the Clerk of the Court on May 15, 2006. See id.  GAIC also mailed the full bond amount of fifty-thousand dollars to Customs on May 10, 2006.  See Def.'s Mot. to Dismiss at Ex. A.  Payment was received by Customs on May 12, 2006.  See id. at Ex. A-B.

## PARTIES' ARGUMENTS

Defendant asserts that jurisdiction is lacking because GAIC

did not pay all duties prior to commencing the action, as prescribed in 28 U.S.C. § 2637(a) (2006). Instead, the Government argues, GAIC filed the Summons before full payment of duties was received by Customs since certified or registered mail is deemed filed as of the date of the mailing and payments to Customs are credited on the date payment is received. See Def.'s Mot. to Dismiss at 3-4. Defendant thus concludes that the statutory prerequisites were not met.

GAIC, citing Rule 1 of the United States Court of International Trade ("[the USCIT Rules] shall be construed and administered to secure the just, speedy, and inexpensive determination of every action")[1] , asserts that the Court should deny Defendant's motion and allow Plaintiff its day in court in order to render a just determination. See Pl.'s Resp. to Def.'s Mot. to Dismiss & Mem. in Supp. of Pl.'s Mot. to Am. Summons at 3. In order to prevent dismissal on a technicality and allow the case to be heard on its merits, Plaintiff asks the Court to amend the Summons, claiming that it will cure any jurisdictional defect. See id. at 13.

## STANDARD OF REVIEW

The United States Court of International Trade ("CIT"), like all federal courts established under Article III of the

---

[1] In accordance with USCIT Rule 89, the version of the USCIT Rules that were effective as of May 2006 control the present action. See USCIT R. 89(a).

Constitution, is a court of limited jurisdiction. See U.S. Const. art. III, § 2, cl. 1. Without proper jurisdiction the Court may not proceed and must dismiss the case before it. See Ford Motor Co. v. United States, 30 CIT 788, 792, 435 F.Supp.2d 1324, 1329 (2006).

GAIC, as the party attempting to invoke the Court's jurisdiction, bears the burden of proving that jurisdiction is proper. See Former Employees of Sonoco Prods. Co. v. U.S. Sec'y of Labor, 27 CIT 812, 814, 273 F.Supp.2d 1336, 1338 (2003) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135, 1141 (1936)). The Court must limit its inquiry to the jurisdictional question and avoid examining the merits of the case. See Syva Co. v. United States, 12 CIT 199, 201, 681 F.Supp. 885, 887 (1988).

The Court has discretion to allow a summons to be amended, absent prejudice to an opposing party, in accordance with USCIT Rule 3(e). A summons is intended as a vehicle to provide notice to defendants of the nature of the suit and triggers attachment of the Court's jurisdiction. See 19 U.S.C. § 1516a(a)(2)(A) (2006).

## DISCUSSION

28 U.S.C. § 2637(a), regarding any civil actions contesting the denial of a protest under § 515 of the Tariff Act of 1930, codified at 19 U.S.C. § 1515, specifies that such an action may be brought in the CIT "only if all liquidated duties, charges, or

exactions have been paid at the time the action is commenced."

An action is "commenced" for the purposes of § 2637(a) when a summons is filed with the Clerk of the Court.  See USCIT R. 3(a)(1).  Where a summons is mailed by certified or registered mail, the USCIT Rules specify that it is "deemed filed as of the date of mailing."  USCIT R. 5(e).  Customs Regulations direct that all liquidated duties, charges or exactions are considered paid as of "the date on which the payment is received by Customs."  19 C.F.R. § 24.3a(c)(5) (2006).

Plaintiff disputes that the commencement date is the date of mailing.  Citing § 2637(a), GAIC posits that "[i]nasmuch as this action is predicated on the denial of a Protest, it [sic] [c]an only be commenced when all duties, charges, or exactions have been paid."  Pl.'s Resp. to Def.'s Mot. to Dismiss & Mem. in Supp. of Pl.'s Mot. to Am. Summons at 7.  In other words, Plaintiff claims that an action can only be commenced once all the statutory prerequisites have been met, not when the Summons alone has been filed.  See id. at 10.  Taking this one step further, GAIC reasons that even if the date of filing is the date of mailing, the date of commencement has to be the date of receipt, with the result that the present action was properly filed.  See id.

Alternatively, Plaintiff contends that since payment is a part of the filing requirement, there is no reason why the mailing requirement cannot be met in the same manner as service is made of

all pleadings and other papers. See id. at 10-11. GAIC asserts that the Court owes no deference to Customs's determination of when payment is due, especially since the USCIT Rules do not themselves set out when payment is deemed complete. See id. at 12.

In accordance with its arguments, GAIC proposes that the Court elect May 15, 2006, the date the Clerk of the Court received the Summons, as the commencement date. See id. at 11. Plaintiff contends that this date conforms with legislative purpose and intent, since all charges and exactions would have been paid by the date of receipt and all statutory requirements would have been met. See id. GAIC maintains that using the date of receipt as the date of commencement does not prejudice either side, since both the date of the mailing and the date of receipt were within the 180-day filing deadline.[2] See id.

The Court declines to alter the commencement date or amend the Summons. GAIC's argument is a patent attempt at 'cherry-picking', selectively accepting the statutes and rules that support its own outcome and ignoring the others. When read in conjunction, § 2637(a) and USCIT Rules 3(a)(1) and 5(e) conclusively establish that the date on which a summons is mailed qualifies as the date of filing for purposes of commencing an action. To interpret the

---

[2] An action on the denial of a protest "is barred unless commenced . . . within one hundred and eighty days after the date of mailing of notice of denial of a protest." 28 U.S.C. § 2636(a) (2006).

scope of USCIT Rule 3(e) and amend the Summons in the manner that GAIC proposes would have the effect of voiding USCIT Rule 5(e), which explicitly states that a mailed summons is deemed filed as of the date of mailing. Neither the Court nor the parties may select a date for the Summons to be deemed filed, especially not to the exclusion of express and unambiguous filing requirements.

The validity of these elements is well established. First, an action to contest the denial of a protest is commenced on the date a summons is filed. See USCIT R. 3(a)(1); Penrod Drilling Co. v. United States, 13 CIT 1005, 1007, 727 F.Supp. 1463, 1465 (1989), aff'd, 925 F.2d 406 (Fed.Cir.1991). Second, a properly mailed summons by certified or registered mail is deemed filed as of the date of mailing. See USCIT R. 5(e); Nature's Farm Prods., Inc. v. United States, 10 CIT 676, 648 F.Supp. 6 (1986), aff'd 819 F.2d 1127 (Fed.Cir.1987). Lastly, an action may be commenced "only if" all duties, charges or exactions have been paid. See § 2637(a); Peking Herbs Trading Co. v. Dept. of the Treasury, U.S. Customs Service, 17 CIT 1182 (1993); Glamorise Found., Inc. v. United States, 11 CIT 394, 661 F.Supp. 630 (1987); Am. Air Parcel Forwarding Co. v. United States, 6 CIT 146, 573 F.Supp. 117 (1983).

The facts reflect that GAIC mailed the Summons on May 10, 2006. See Summons; Def.'s Mot. to Dismiss at Ex. C. Thus, under USCIT Rule 5(e) and 3(a)(1), May 10, 2006 is the date of commencement for § 2637(a). Applying Customs Regulation §

24.3a(c)(5) to the equation, Customs did not receive payment until May 12, 2006. See Def.'s Mot. to Dismiss at Ex. A-B. Therefore, all liquidated duties, charges, or exactions were not paid by May 10, 2006, the date of commencement, and the requirements of § 2637(a) are not met. Since satisfying § 2637(a) is a condition precedent to invoking the jurisdiction of the CIT, the Court has no jurisdiction over this action. See Am. Air Parcel Forwarding, 6 CIT at 150, 573 F.Supp. at 120.

Case law unambiguously holds that the requirements of § 2637(a) are strictly applied and the statute precludes any exercise of discretion by the Court. See Dazzle Mfg., Ltd. v. United States, 21 CIT 827, 828, 971 F.Supp. 594, 596 (1997); Penrod Drilling, 13 CIT at 1007, 727 F.Supp. at 1466; Glamorise Found., 11 CIT at 397, 661 F.Supp. at 632-33; United States v. Boe, 64 CCPA 11, 16, C.A.D 1177, 543 F.2d 151, 155 (1976).

For the same reasons, the Court refuses to amend the Summons. GAIC is not merely asking the Court to amend a technical deficiency in the content of the original summons. The effect of amending the commencement date in the Summons would serve to impermissibly expand this Court's jurisdiction, which has already been unequivocally rejected. See Melco Clothing Co., Inc. v. United States, 16 CIT 889, 804 F.Supp. 369 (1992) (the Court dismissed for lack of jurisdiction wherein the plaintiff failed to pay duties as required under § 2637(a) before the action commenced even though

the complaint was later amended).

Finally, Plaintiff has asked this Court to grant it equitable relief to deem the action jurisdictionally sound. However, the jurisdictional requirement of § 2637(a) is not subject to excuse or waiver based upon equitable principles. See Dazzle Mfg., 21 CIT at 829, 971 F.Supp. at 596; Glamorise Found., 11 CIT at 397-98, 661 F.Supp. at 633. Thus, the Court has no discretion in the matter.

Even if equitable powers were available, they should "not be invoked to excuse the performance of a condition by a party that has not acted with reasonable due care and diligence." United States v. Lockheed Petroleum Serv., Ltd., 709 F.2d 1472, 1475-76 (Fed.Cir.1983). GAIC failed to exercise due diligence when it mailed its payment to Customs and its Summons to the Court on the same day.

Plaintiff relies on dicta from Atlantic Steamer and Supply Co., Inc. v. United States, 12 CIT 479 (1988) ("Atlantic Steamer") to support its claim for equitable relief.[3] See Pl.'s Resp. to Def.'s Mot. to Dismiss & Mem. in Supp. of Pl.'s Mot. to Am. Summons at 3-4, 13. The Court acknowledges that much of the case law, including Atlantic Steamer, may be distinguished from the present

---

[3]"In passing, it may be noted that had plaintiff mailed his payment from New Jersey to New York even one or two days earlier, the check might have been received prior to the filing of the summons, or the Court might have found some equitable grounds to infer due diligence on the part of the plaintiff and somehow brought the case within the requirements of § 2637(a)." Atlantic Steamer, 12 CIT at 480.

facts whereby the date of mailing, the date of payment to Customs, and the date of receipt by the Clerk were all within the 180-day time limit (which did not run until May 17, 2006). However, under both Atlantic Steamer and in the present facts, the Summons and check were mailed on the same day. Since payment was not received before the Summons was filed, the necessary jurisdictional requirements were not met and the Court dismissed the action. The dispositive issue in these cases remain: Customs received payment after the action was commenced, in contravention of § 2637(a). The Court has no leeway and the statute must be strictly construed.

### CONCLUSION

Pursuant to 28 U.S.C. § 2637(a), all charges and exactions must be paid prior to the commencement of an action.  For the foregoing reasons, Defendant's motion is granted and Plaintiff's motion is denied.  This action is dismissed.

_____/s/ Tsoucalas_____
NICHOLAS TSOUCALAS, SENIOR JUDGE


New York, New York
Dated:  This 6th day of May, 2010